The Mechanics' and Farmers' Bank of Albany, Respondent, *v.* Warren J. Wixson and William A. Underhill, impleaded, &c., Appellants.

An agreement not to withdraw from a bank paper left with it for collection and not to sue upon claims against the bank is sufficient consideration for the note of third persons.

The plaintiff demanded that the Bank of Sing Sing pay or secure certain moneys due, and to become due, from it to the plaintiff, and also that it return certain notes and other papers of the plaintiff held by that bank for collection. The defendants requested the plaintiff not to take legal action for the collection of the indebtedness accrued and to accrue, and not to withdraw the notes held for collection. In consideration of the plaintiff's granting this request, the defendants executed and delivered, and the plaintiff accepted, their promissory note, payable in one month.—

*Held*, that there was a valid consideration, both in the forbearance to sue and in permitting the notes held for collection to remain, and the defendants were liable.

(Argued March 31st, 1870; decided June 23d, 1870.)

This is an appeal by the defendants, Wixson and *N.* A. Underhill, from a judgment of the General Term of the Supreme Court, in the third district, affirming a judgment in favor of the plaintiff, rendered on a trial before Mr. Justice Gould, without a jury. The action was brought to recover the amount due upon a note, of which the following is a copy:

" $4,000.                    Sing Sing, *November 1st*, 1860.

One month after date, we jointly and severally promise to pay to the order of Benjamin Brandreth, the sum of four thousand dollars at the Mechanics' and Farmers' Bank of Albany, for value received. This note is given as collateral security to pay the indebtedness accrued and under protest to said bank, and also the indebtedness that may hereafter accrue to the amount of said note.

> W. J. WIXSON.
> HENRY WILLETS.
> P. MOTT UNDERHILL.
> W. A. UNDERHILL."

This note was transferred to the plaintiff, and, at the time of the commencement of the action, there was claimed to be due upon it $1,412 and interest from November 15th, 1860. The only defence was, that the note was without consideration, and this defence was made by defendants Wixson and W. A. Underhill only. The cause was tried before Mr. Justice Gould, without a jury, at the Albany circuit in May, 1863, and he found the following, among other facts: The note was made and indorsed, and delivered to the plaintiff on the 7th day of November, 1860, for the purpose expressed in the note.

At the time of the delivery of the note to the plaintiff, the bank of Sing Sing was indebted to the plaintiff in the sum

of $2,069.56, then payable, being the amount of a draft drawn by the bank of Sing Sing in favor of the plaintiff for collections made, and which had been protested prior to the 7th of November, 1860.

The bank of Sing Sing was further indebted to the plaintiff, at the time of the delivery of the note, in the sum of $620.46 for moneys collected for plaintiff on the 3d of November, 1860.

On the 8th of November, 1860, the bank of Sing Sing became indebted to the plaintiff for further collections to $332.52. On the 9th of November, to further collections to the amount of $375 and eighty dollars, and on the 13th for eight dollars and one cent for interest and expenses on the draft mentioned.

On the 7th of November, 1860, the plaintiff presented the protested draft to the bank of Sing Sing and demanded payment; also at the same time demanded payment of the $620.46 then due for collections, and also the return of all such notes and papers of the plaintiff as the bank of Sing Sing had, not then matured, and which afterward were paid to the latter bank and make up the sums of $332.52, $375 and eighty dollars.

At this time Wixson was cashier, the other makers of the note were directors, and Brandreth was president of the bank of Sing Sing.

The makers and indorser of the note at the time it was given stated to the plaintiff that the bank of Sing Sing was temporarily embarrassed, that others of its creditors had given time, and requested the plaintiff to do the same and not press its claim by taking legal action, or withdraw its unmatured collections; and, in consideration of the plaintiff consenting to this, the defendants made and delivered the note in suit.

The protested draft was subsequently paid by the bank of Sing Sing, but the other indebtedness accruing prior and subsequent to the 7th of November, 1860, has not been paid, and the balance due was $1,537.74, for which judgment was

ordered, the court holding as a matter of law that the note was given upon a valid consideration.

The judgment entered on this decision was affirmed at the General Term, and the defendants, Wixson and William A. Underhill, now appeal.

The case at General Term is reported in 46 Barb., 218.

*R. H. Underhill*, for the appellants, urged, among other things, that an agreement to forbear will not be inferred because a note on time is taken for an old debt, citing *Bank of Troy* v. *Topping* (9 Wend., 273); *Wardell* v. *Howell* (id., 170); *Elwood* v. *Diefendorf* (5 Barb., 469); *Croft* v. *Beale* (11 C. B., 172); *Rogers* v. *Waters* (2 Gill. & John., 64). Neither an existing debt nor a liability already incurred is a valuable consideration for collateral security, citing *Stalker* v. *McDonald* (6 Hill, 112); *Payne* v. *Cutler* (13 Wend., 605); *Rosa* v. *Brotherson* (10 Wend., 86); *Wardell* v. *Howell*, and *Elwood* v. *Diefendorf*, *ante*; 1 Humph., 468.

*John H. Reynolds* and *Samuel Hand*, for the respondent, insisted that the forbearance to press existing claims for a definite period was a valid consideration, citing *Watson* v. *Randall* (20 Wend., 201); Edw. on Bills, 223; opinion of MILLER, J., at General Term reported 29 Barb., 218; *Traders' Bank* v. *Bradner* (43 Barb., 379); *Bermis* v. *Rowland* (40 Barb., 368); *Pratt* v. *Coman* (37 N. Y., 440); *Day* v. *Saunders* (3 Keyes, 347).

EARL, Ch. J.   There was evidence tending to prove all the facts found by the court at Special Term, and hence in deciding this appeal we must assume all such facts to be true.

On the 7th day of November, 1860, the bank of Sing Sing was indebted to plaintiff in the sum of $2,069.56 upon a protested draft drawn by said bank in New York in favor of plaintiff, and also in the sum of $620.46 for moneys paid thereto collected for plaintiff. At the same time the said bank held checks and notes, to the amount of $787.52, which

had been forwarded to it by plaintiff for collection. The said Sing Sing bank had become financially embarrassed, and on that day Olcott, an agent of the plaintiff, called upon the said bank and demanded payment of the said protested draft, and of the $620.46 which had been collected for plaintiff, and also demanded a return of the checks and notes which had been sent to it by plaintiff for collection. He had an interview with the president, cashier and directors of the said bank, and they told him that their bank was temporarily embarrassed; that other creditors of the bank had given them time and had forborne to withdraw their collection paper, and that in consideration of doing so, notes similar to the one in suit had been given to them, and they requested the plaintiff not to press its claims by taking legal action, and not to withdraw the notes and checks held for collection, and requested a months time. Plaintiff's agent assented to such request; and in consideration thereof they, the said president, cashier and directors, executed and delivered the note in suit to the said agent for the plaintiff. Afterward, on the 8th and 9th days of November, the said bank received and credited to the plaintiff on its books the money for the checks and notes held by it for collection. And thereafter, also paid the protested draft.

Upon such a state of facts I do not see how it can well be claimed that there was not a consideration to uphold the note in suit. As to all the indebtedness that had accrued prior to the 7th day of November, the plaintiff had made a valid agreement to give time and forbear suit for one month from the 1st day of November. It is now well settled that such an agreement is a sufficient consideration to uphold the note of a third party, given to secure or pay the debt. (Edwards on Bills, 223; *Watson* v. *Randall*, 20 Wend., 201; *Burns* v. *Rowland*, 40 Barb., 368; *Traders' Bank of Rochester* v. *Brodner*, 43 Barb., 379; *Ball* v. *Coman*, 37 N. Y., 440.) As to that portion of the indebtedness that accrued after the 7th of November, the credit was given upon the faith of this note. In consideration of the giving of this

note, the plaintiff agreed not to withdraw the collection paper, and permitted the Sing Sing bank to receive the money. Hence, as to the entire amount claimed in this action and recovered, there was a sufficient consideration to uphold the note; and hence, without any further discussion of principles of law well established, I concur in affirming the judgment.

SUTHERLAND, J., also read an opinion for affirmance, to the same effect.

All concur.　Judgment affirmed.