JOHN W. MOORE, Respondent, *v.* MARY A. E. FULLER ET AL., Appellants.

CERTIFICATE OF ACKNOWLEDGMENT—IMPEACHMENT OF.—The officer's certificate of the acknowledgment of the execution of a mortgage or deed cannot be impeached by parol evidence, unless there are allegations in the pleadings to warrant it.

MARRIED WOMAN—DEED BY, CANNOT BE AVOIDED, WHEN.—If a married woman, without duress or misrepresentation as to the nature of the instrument, joins her husband in a deed, and suffers the same to be delivered, she cannot avoid it on account of fraud and misrepresentation, without showing that the grantee knew of or participated in the fraud.

IDEM—DEBTS OF HUSBAND.—The sale or mortgage by a married woman of her separate property for the payment of her husband's debts may be enforced.

CONSIDERATION—PRE-EXISTING DEBT.—A pre-existing debt or liability is a sufficient consideration to uphold a mortgage.

APPEAL from Benton County.

The facts are stated in the opinion of the court.

*John Kelsay and L. Vineyard*, for appellants.

*F. A. Chenoweth*, for respondent.

By the Court, McARTHUR, J.:

This is a suit in equity to foreclose a mortgage. The record shows that on May 1, 1874, A. Fuller, James O. Fuller and T. M. Fuller made and delivered to one Reed

a promissory note for the sum of one thousand dollars, with interest at one per cent. per month, payable one year after date without grace.

John W. Moore, the respondent, became surety on said note. The note was not paid at maturity. Reed demanded payment, and the Fullers not being able to raise the money without stripping themselves of property necessary to carry on their business, it was agreed between Moore, the surety, and the Fullers, that if they would secure him, he would pay the note, and give them time to make the money. Accordingly, said A. Fuller and Mary A. E. Fuller, his wife, in consideration of Moore's advancing the money to pay Reed and extending the time of payment, executed to Moore a mortgage upon certain real property, which was the separate property of said Mary A. E. Fuller. Moore paid the money to Reed, and took an indorsement of the note. The note remaining unpaid, this suit was brought to foreclose the mortgage, the Fullers having in the mean time become insolvent. The testimony certified up with the transcript, clearly establishes the making and acknowledgment of the mortgage to secure Moore, that he gave the Fullers time, from the date of its execution until the commencement of this suit—nearly six months; that the land mortgaged was the separate property of Mary A. E. Fuller, and that her husband joined her in the execution thereof.

The testimony in relation to fraud in procuring the acknowledgment, even if relevant, is wholly insufficient to warrant the conclusion that any improper means were resorted to to induce Mrs. Fuller to execute and acknowledge the mortgage. But it is not relevant, for there is no allegation in the answer of fraud, in relation thereto. It will be found, that the certificate of the officer to the acknowledgment of the mortgage deed appears on its face to have been in substantial compliance with the statute, and that the evidence to impeach it was wholly parol evidence, and we decided in *Dolph* v. *Barney*, 5 Or. 205, that such an acknowledgment could not be impeached by parol evidence unless there were allegations in the pleadings to warrant it. Furthermore, if there was fraud therein there is nothing to

show that Moore participated in it, and the law is, that if a married woman of sufficient mental capacity, without duress or misrepresentation as to the nature of the instrument, joins her husband in the deed, and suffers the deed to be delivered, she cannot avoid it on account of fraud and misrepresentation, without showing that the grantee knew of or participated in the fraud. (*White* v. *Graves*, 107 Mass. 325.) The rule applies to mortgages as well as to deeds absolute.

Passing this point, we find presented several questions in relation to the right of a married woman to mortgage her separate property for a debt of her husband. It is unnecessary to examine these questions at length, for we have decided that a married woman has a right to sell or mortgage her separate property for the payment of her husband's debts. (*Allen and Lewis* v. *Harker et al.*, December term, 1876. Opinion by Mr. Justice BOISE.)

We come now to examine the most important question presented by this record. There was no consideration passing to the mortgagors at the time of the execution of the mortgage. The consideration was the pre-existing liability of the payors of the note heretofore mentioned to the surety, Moore. Is a pre-existing liability a sufficient consideration to support a mortgage? This question has been differently decided by different courts. Mr. Justice Story, 2 Eq. Jur. 657, 658, 9th ed., holds to the affirmative, and bases his opinion on *Mitford* v. *Mitford*, 9 Ves. 100; and *Bayley* v. *Greenleaf*, 7 Wheat. 46. In White and Tudor's Leading Cases in Equity, vol. 2, part 1, 73, it is said "similar decisions were made in *Richeson* v. *Richeson*, 2 Gratt. 497; and in *Dey* v. *Dunham*, 2 John. Ch. 182." It will be found, however, that the courts of New York have not followed the case of *Dey* v. *Dunham*, but have since that decision uniformly held that a pre-existing debt or liability is not sufficient consideration to uphold a mortgage. Chancellor Kent, however, 4 Com. 154, regarded a pre-existing debt or liability sufficient to support a mortgage. In support of the doctrine, he cites *Roberts* v. *Salisbury*, 3 Gill & John. 425, and *Gann* v. *Chester*, 5 Yerger,

205; and he thought the principle rested upon grounds which would command general assent. *Jewett* v. *Warren*, 12 Mass. 300, and *Babcock* v. *Jordan*, 24 Ind. 14, are to the same effect. Indeed, the weight of authority is in favor of the affirmative of the proposition, and to that we give 'our assent.

Connected with this there is another point deserving of attention. The mortgage was executed May 3, 1876, and Moore paid Reed the amount of the note May 6, 1876. This fact is the basis of the further claim of appellants' counsel, that Moore's liability is not sufficient consideration to support the mortgage. In *Jewett* v. *Warren*, *supra*, it was distinctly held that a liability for another on a contract in force is sufficient consideration for a mortgage or pledge. So we decide.

Decree affirmed.