ELEAZER A. DURKEE, APPELLANT, v. THE NATIONAL BANK OF FORT EDWARD, RESPONDENT, IMPLEADED WITH OTHERS.

*Mortgage — when it extends the time of payment of the debt it is given to secure — when it entitles the mortgagee to the benefit of the recording act — 1 R. S., 756, sec. 1.*

One Durkee gave to the defendant a mortgage, which recited that it was "intended to secure the payment of a certain promissory note of the amount of $3,100, and the interest thereon, made by William Allen and indorsed by the said party of the first part, bearing date May 19, 1881, payable three months after date, and which was discounted and is now owned and held by the said party of the second part, and upon which there is due and unpaid said sum of $3,100 and interest thereon from the 22d day of August, 1881, besides notary's fees and expenses of printing, and any note given in renewal thereof; the same to be paid in manner following, viz.: One thousand dollars of the principal sum hereby secured, and interest from August 22, 1881, in one year from the date hereof; $1,000 of the said principal and the interest on the sum unpaid in two years from the date hereof; the balance of the said principal remaining unpaid after the payments aforesaid, and the interest thereon, in three years from the date hereof. And if the amount of said note, principal and interest, and all notes given in renewal thereof, shall be paid as above specified, then these presents shall become void, but if default shall be made in the payment of said note or the notes given in renewal thereof in the manner above provided," then the party of the second part was authorized to sell, etc.

*Held,* that the mortgage extended the time of payment of the note; that it, therefore, was founded upon a valuable consideration, and entitled the mortgagee, as against a prior unrecorded mortgage, to the protection of the recording act.

*Cary* v. *White* (52 N. Y., 139) distinguished.

APPEAL from a judgment in favor of the defendant The National Bank of Fort Edward, entered upon the report of a referee.

The action was brought to foreclose a mortgage given by one Solomon R. Durkee to the plaintiff upon certain real estate.

The plaintiff's mortgage was dated, acknowledged and delivered on December 3, 1881, and recorded June 8, 1882. A mortgage to the defendant, the bank, on the same property was given by Durkee, which was dated, acknowledged and recorded on December 5, 1881.

*Charles Hughes,* for the appellant.

*A. D. Wait,* for the respondent.

Landon, J. :

The plaintiff's mortgage is prior in date and delivery, but subsequent in record to the defendant's mortgage. The defendant, however, took its mortgage as collateral security for a precedent debt then past due, and upon the facts in the case is therefore not a purchaser in good faith and for a valuable consideration so as to entitle it to the protection of the recording act (1 R. S., 756, § 1), unless, by the mortgage or as the consideration thereof, it extended the time of the payment of the antecedent debt, to secure which the mortgage was given. Whether it did extend the time of payment is the only question presented upon this appeal.

The mortgage to the defendant recites that " this conveyance is intended to secure the payment of a certain promissory note of the amount of $3,100 and the interest thereon, made by William Allen and indorsed by the said party of the first part, bearing date May 19, 1881, payable three months after date and which was discounted and is now owned and held by the said party of the second part, and upon which there is due and unpaid said sum of thirty-one hundred dollars and interest thereon from the 22d day of August, 1881, besides notarial fees and expense of protest, and any note given in renewal thereof. The same to be paid in manner following, viz. : One thousand dollars of the principal sum hereby secured and interest thereon from the 22d day of August, 1881, in one year from the date hereof ; one thousand dollars of the said principal and the interest on the sum unpaid in two years from the date hereof, the balance of the said principal remaining unpaid after the payments aforesaid and the interest thereon in three years from the date hereof ; and if the amount of said note, principal and interest, and all notes given in renewal thereof, shall be paid as above specified, then these presents shall become void, but if default shall be made in the payment of said note or the notes given in renewal thereof in the manner above provided, or in keeping the said premises insured as hereinbefore covenanted, then the said party of the second part and its assigns are hereby authorized, pursuant to statute, to sell the premises above granted, or so much thereof as will be necessary to satisfy the amount hereby secured and then due and unpaid, with costs," etc.

The case of Cary v. White (52 N. Y., 139) is greatly relied upon

by the appellant. That case is an authority to the effect that where there is no agreement to extend the time of the payment of the original debt, or no new or substituted contract made respecting the debt, the mere taking of a mortgage, payable at a future time, as collateral security for the original debt, does not extend the time for its payment. But the difference between that case and this is, there the mortgage only by its terms was made payable in the future ; here the mortgage recites that the note is to be paid in the future. There " the pre-existing obligation remained in full force and the collateral security was entirely independent of it ; " here the collateral security recites the note, and then says, " the same to be paid in manner following," giving future days for payment. There the mortgage was not taken in the name of the creditor ; here it is.

The bank, by receiving this new and valuable security, assented to its terms ; those terms were that the dishonored note should be paid at a future day. The bank received a valuable consideration for stating such future day, and the expression of a new day of payment is the substitution of it for the old day of payment.

The most favorable statement of the case for the plaintiff is, that upon the delivery of the mortgage to the bank, it had two days of payment for the same note ; the one stated in the note, the other stated in the mortgage ; the mortgage is the latest statement between the parties, and was made upon a new consideration received by the bank. The two dates of payment are inconsistent, and the last should prevail. The courts have been disposed to limit the authority of *Cary* v. *White* to the facts in that case. (*Hubbard* v. *Gurney,* 64 N. Y., 468 ; *Grocers' Bank* v. *Penfield,* 7 Hun, 282.)

The referee found that the mortgage was given to the bank in pursuance of an agreement that the bank should refrain from suing the mortgagor upon the note, until the bank should ascertain by the foreclosure of another mortgage, which it held against one Allen, who was the maker of the note in question and of other notes, how much, if anything, would remain unpaid upon this note.

Such finding, if warranted by the evidence, constituted the bank a holder for value. (*Mechanics and Farmers' Bank* v. *Wixson,* 42 N. Y., 438 ; *Cary* v. *White, supra.*)

The cashier who represented the bank and whose testimony was

not contradicted, testified that there were three notes discounted by the bank, made by Allen and indorsed by this mortgagor, aggregating, including the $3,000 note mentioned in the mortgage, $6,689 of principal, all past due. Allen had given S. R. Durkee, this mortgagor, a mortgage to protect his indorsements. S. R. Durkee had assigned this mortgage to the bank; Allen, the maker of the notes, was insolvent. Such being the situation, the cashier said to S. R. Durkee that he thought the property in the Allen mortgage would not sell for enough to pay all the notes. "I told him if he would secure us on the $3,100 note I thought the assigned mortgage would pay the other two; that we could not tell till such sale took place how much we could realize under the assigned mortgage. I suggested that he give us a mortgage to secure the $3,100 note. I told him the bank might sue him unless security was given for the note. He said he did not want to be sued. I was to wait until there was a sale under the other mortgage before we could tell what would remain to be paid, and the bank was to hold the mortgage in the meantime. S. R. Durkee said he would have the mortgage drawn, and he did." No proceedings to foreclose the Allen mortgage had then been taken, and no action has ever been taken by the bank upon the $3,100 note.

That the bank intended the mortgagor should understand that by giving the mortgage he would not be called upon for payment, either by suit or otherwise, until the balance unpaid upon the foreclosure of the Allen mortgage should first have been ascertained, I do not doubt. And to hold otherwise seems to be a substitution of an artificial construction for the conviction which the evidence forces upon the mind.

The judgment should be affirmed, with costs.

LEARNED, P. J., and BOOKES, J., concurred.

Judgment affirmed, with costs.