(57 App. Div. 468.)

### BREED v. NATIONAL BANK OF AUBURN.

(Supreme Court, Appellate Division, Fourth Department. January 8, 1901.)

1. ASSIGNMENTS—RECORDING—VALIDITY—PRIORITY.

Gen. Laws, c. 46, art. 8, § 241 (5 Rev. St. [Banks & Bros.' 9th Ed.] p. 3593), provides that conveyances of real property within the state, on being duly acknowledged or proved, may be recorded in the office of the clerk of the county where the realty is situated, and, if not so recorded, are void as against any subsequent purchaser in good faith, for a valuable consideration, from the same vendor, whose conveyance is "first duly recorded." W. assigned a bond and mortgage to plaintiff's intestate in 1888, in writing, which was not acknowledged or recorded, and the mortgage and bond were delivered to plaintiff's intestate, and redelivered to W. for collection. In November, 1896, plaintiff's intestate secured a formal acknowledged assignment, which was recorded in December, 1896. In March, 1896, W. assigned the bond and mortgage to defendant, which was recorded January 18, 1898. *Held*, that the assignment to plaintiff was entitled to priority, and was not void as against defendant.

2. SAME—BONA FIDE PURCHASER—ASSIGNMENT—COLLATERAL SECURITY—EXTENSION OF PAYMENT.

Where a bank took an assignment of a bond and mortgage as collateral security for prior loans, without any agreement to extend the time of payment of the loans, the bank was not a bona fide purchaser for a valuable consideration, since it neither assumed any new obligations nor increased its existing ones by virtue of the assignment.

3. SAME—POSSESSION OF BOND AND MORTGAGE.

Where W. assigned a bond and mortgage to plaintiff, but they were redelivered to W. for collection, and he subsequently assigned the bond and mortgage to defendant, together with other securities, as collateral for prior loans obtained from defendant, and the other securities were sufficient to protect the interest of defendant, plaintiff was entitled to possession of the bond and mortgage, and to require defendant to resort to its other securities.

Williams, J., dissenting.

Appeal from judgment on report of referee.

Action by Elvira Breed, as executrix of the estate of Nathan Breed, deceased, against the National Bank of Auburn. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

The action was commenced on the 8th day of May, 1899,. to recover possession of a bond and mortgage bearing date December 27, 1876, conditioned for the payment of $2,500, made by William Burk and wife to Mary E. Brinkerhoff, and assigned by said Brinkerhoff to one William C. Rodger. Concededly, on the 3d day of January, 1888, William C. Rodger became the owner of the bond and mortgage in question by an assignment to him dated that day, which was duly executed and delivered, and recorded in the proper clerk's office at about the time it bears date. Thereafter, and during the year 1888, while said Rodger was the owner of said bond and mortgage, he assumed to assign and transfer the same to one Nathan Breed, plaintiff's testator, by delivering to him an instrument or writing in substantially the words following, to wit:

"Received of Nathan Breed $2,500.00 in payment of a bond and mortgage made by Burk to Brinkerhoff. I keep the papers as his agent for collection.

   "[Signed]                                        W. C. Rodger."

At the time of the delivery of such paper to Breed he paid to Rodger said sum of $2,500, and received the bond and mortgage, but immediately handed them back, and left them with Rodger for collection, as stated in the writing. Thereafter, and during the year 1888, Nathan Breed died, and the plaintiff became, and still is, the executrix of his estate. William C. Rodger, from the time of the execution of such paper and its delivery to Breed as aforesaid, until his death, which occurred on the 29th day of January, 1898, recognized the title of Breed and of the plaintiff in and to the bond and mortgage by paying the interest thereon when and as the same became due. On the 23d day of November, 1896, upon plaintiff's request, William C. Rodger executed and acknowledged and delivered to the plaintiff a formal assignment of said bond and mortgage, for the purpose of having the same recorded, and the same was duly recorded in the proper clerk's office on the 23d day of December, 1896. On the 21st day of March, 1896, William C. Rodger executed and delivered to the defendant an assignment in regular form of the bond and mortgage which had been left in his possession for collection by Breed as aforesaid, and at the same time delivered to the defendant the bond and mortgage, and it has ever since retained possession of the same. Such last-mentioned assignment was recorded in the proper clerk's office on the 10th day of January, 1898, a few days before the death of William C. Rodger, but nearly two years after its execution and delivery, and more than a year after the assignment to the plaintiff had been recorded. The assignment to the defendant was absolute in form, and recited that it was made "for a good and valuable consideration in hand paid," but the real transaction between William C. Rodger and the defendant, and which constituted the alleged consideration for the assignment and delivery of the bond and mortgage to it, may be stated as follows: William C. Rodger was a co-partner in the firms of James Rodger, Son & Co. and W. C. Rodger, Son & Co. Those firms were indebted to the defendant bank in the sum of $17,500, which was represented by promissory notes given for borrowed money, or in renewal of notes so given. Of such indebtedness notes aggregating $10,000 were made by James Rodger, Son & Co., and the others, amounting to $7,500, were made by W. C. Rodger, Son & Co., and all were indorsed by William C. Rodger. None of the notes

were due when the bond and mortgage were assigned to the defendant, and it does not appear when they became due. At the time of the assignment to the defendant of the bond and mortgage in suit there were a dozen or more other instruments owned by or in the possession of William C. Rodger, transferred by separate assignments, which, with the bond and mortgage in question, amounted to $16,000 face value. All of such securities were assigned and delivered to the defendant by William C. Rodger as one transaction on said 21st day of March, 1896, pursuant to an agreement that they should be held by the defendant as a continuing collateral security to the indebtedness to it of the firms of W. C. Rodger, Son & Co. or James Rodger, Son & Co. then existing, or any renewals thereof, or any new indebtedness, direct or indirect. It appears that no other or additional indebtedness was incurred to the bank, after such assignments were made, by William C. Rodger or either of said firms; but it does appear that at some time after such assignments were made (but at what particular time is not disclosed) such indebtedness was reduced by the sum of $3,000, so that at the time of the trial there was only due and owing to the bank from said firms the sum of $14,500. Notes held by the bank at the time of the assignment to it, representing at least that sum, were afterwards renewed, and the time of payment extended; but there was no agreement or obligation on the part of the defendant to give such extension. After the assignment, the same as before, as the notes fell due, the bank was at liberty to enforce payment, and was under no obligation to renew the same. It did not part with any value, surrender or relinquish any rights, by its agreement; and it does not appear that any extension of the time of payment of any of the notes was given by the defendant until after the plaintiff's assignment was duly recorded. The notes held by the bank at the time of the assignment to it having been given for borrowed money, and not taken as customer's paper in the regular course of business, no presumption arises as to the time when such notes fell due. Upon the trial it appeared that at the time of the assignment of the bond and mortgage in suit to the defendant there were also other securities assigned to it of the face value of $13,500 as collateral security to the $17,500 of indebtedness owing by the Rodger firms. So far as appears, the defendant still retains and owns such other securities. No evidence of their value was given, and, for aught that appears, such other securities are of sufficient value to satisfy and discharge the entire indebtedness now owing by the Rodger firms to the defendant. The foregoing facts are substantially conceded, or at least are not controverted by the evidence, and from them the rights of the parties must be determined.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Charles I. Avery, for appellant.
Frank Hiscock, for respondent.

McLENNAN, J. Three questions are presented by this appeal: First. Is the purchaser and assignee of a bond and mortgage, who pays full value therefor, but fails or neglects to procure the assignment thereof to be recorded until after such bond and mortgage has been assigned to another, who also purchases in good faith and for value, and then procures such first assignment to be recorded before such second assignment is recorded, protected by the recording act, so called, and is such second assignment void as against the first assignee and purchaser? Second. Is the assignee of a bond and mortgage, who obtains the same pursuant to an agreement that they are assigned as a continuing collateral security to an indebtedness then owing to the assignee, but not due, or any renewals thereof, without any binding agreement or obligation on the part of the assignee to renew such indebtedness, but who afterwards does in fact renew

the same, a bona fide holder, for value, of such bond and mortgage, as against a purchaser of the same in good faith, and for full value? Third. In an action in equity, brought by a purchaser in good faith of a bond and mortgage to recover their possession from a subse· quent purchaser, who also acquired the same in good faith, but as collateral security to any renewals of an existing indebtedness, and who also at the same time obtained other and additional securities for the same purpose, can such subsequent purchaser defeat the action without first applying the avails of such other securities to the payment of his indebtedness, or proving that they are not of sufficient value to pay the same?

The assignment of the bond and mortgage in 1888 by William C. Rodger to plaintiff's intestate, having been accompanied by delivery, was valid and effectual for the purpose of passing the title to such interest therein as was intended by the parties, notwithstanding such assignment was not acknowledged. Heilbrun v. Hammond, 13 Hun, 474; Strever v. Earl, 60 Hun, 568, 15 N. Y. Supp. 350; Wing v. Rapalee, 17 Wkly. Dig. 415; affirmed in 101 N. Y. 620. Section 241, art. 8, c. 46 of the General Laws (5 Rev. St. [Banks & Bros.' 9th Ed.] p. 3593), reads as follows:

"A conveyance of real property within the state, on being duly acknowledged by the person executing the same, or proved as required by this chapter, may be recorded in the office of the clerk of the county where such real property is situated. Every such conveyance not so recorded is void as against any subsequent purchaser in good faith and for a valuable consideration, from the same vendor, his heirs or devisees, of the same real property or any portion thereof, whose conveyance is first duly recorded."

The assignment made to Breed in 1888 was not void as to every "subsequent purchaser in good faith, and for a valuable consideration," but only as to such purchaser whose conveyance was "first duly recorded." As to every one else holding by a subsequent claim his title was paramount and indefeasible. Thomas, Mortg. par. 486. The defendant, therefore, does not come within the provisions of this statute, for its assignment was recorded after the plaintiff's was placed upon record.

In Westbrook v. Gleason, 79 N. Y. 23, the headnote (and it is borne out by the text of the opinion) reads as follows:

"To enable a subsequent purchaser to assail a prior unrecorded mortgage under the recording act (1 Rev. St. p. 756, § 1), it is incumbent upon him to show not only that he was a bona fide purchaser for value, without notice, but that his conveyance was first recorded."

The formal assignment to the plaintiff was not founded on any new consideration, so it simply related back to the original assignment, and cured whatever defects existed in that instrument. That fact, however, in no way contravenes the principle made germane by the prior record of plaintiff's assignment, for the original transfer was based upon an adequate consideration. The assignment of a mortgage is a conveyance within the recording act. Section 240, c. 46, art. 8; Brewster v. Carnes, 103 N. Y. 556–562, 9 N. E. 323.

Was the defendant bank a purchaser in good faith, and for a valuable consideration? It is unquestionably true that an extension of

the time of payment by a creditor of an indebtedness of his debtor, if done pursuant to a binding agreement so to do, constitutes a good and valuable consideration for the transfer of collaterals to secure the payment of such obligation. The authorities cited by appellant's counsel abundantly support that proposition. Bank v. Wixon, 42 N. Y. 438; Brown v. Leavitt, 31 N. Y. 113; Cary v. White, 52 N. Y. 138.

In Cary v. White, supra, it is said:

"If there was an extension of time for a single day by a valid agreement, as a consideration of the mortgage, there was a valuable consideration within the rule."

In the case at bar there was no agreement on the part of the defendant bank to extend the time of payment of any of the paper upon which either of the firms of which W. C. Rodger was a member were obligated. The bank had the right to bring suit upon and enforce collection of the paper held by it and made by said firms when and as it became due and payable. The fact that the bank did not attempt to enforce collection of such paper, but extended the time of payment, and that it did so relying upon the transfer to it of the bond and mortgage in suit, is not the test of "valuable consideration," but the true test is whether or not the agreement under which the bank took such bond and mortgage was such as to prevent collection on its part, and was of such a character that it could have been compelled to renew such paper. Shipman v. Kelly, 9 App. Div. 316–322, 41 N. Y. Supp. 328.

In Cary v. White, supra, the court said:

"Here there was no express agreement to extend the time of payment of the original debt, nor was there any new or substituted contract between the parties. The pre-existing obligation remained in full force, and the collateral security was entirely independent of it. Neither in the written receipt of the party nor the mortgage is there found any evidence that the latter, for an instant of time, was to supersede the prior obligation, or suspend any remedy upon it."

It is well settled that a person who takes collateral security to secure a pre-existing debt is not a bona fide purchaser. Young v. Guy, 23 Hun, 1; Weaver v. Barden, 49 N. Y. 286; Crisfield v. Murdock, 127 N. Y. 315, 27 N. E. 1046. As we have seen, after the transfer of the bond and mortgage in suit to the defendant bank, its rights were precisely the same as before such assignment was made. It was at liberty, afterwards as before, to enforce any obligation which it held against either of the Rodger firms immediately when it became due. Such obligations, so far as appears, were not increased. No new obligations were taken because of such assignment to it. Under those circumstances we think it cannot be said that the bank was a purchaser of the bond and mortgage for a valuable consideration.

Having determined the first two propositions adversely to the defendant, it is perhaps unnecessary to consider the third; but we are of the opinion that, in any event, upon the evidence before us, the defendant is not entitled to retain the bond and mortgage in suit, for the reason that it has other securities collateral to the Rodger indebtedness, which it received at the same time, and which, for aught

that appears, are of sufficient value to fully pay and satisfy the same. In effect, the defendant is secured by two funds,—the bond and mortgage in suit, which is the plaintiff's sole security; and the other securities assigned to it at the same time. The rule applicable to such a situation is stated by Pomeroy in his work on Equity Jurisprudence (section 397) as follows:

"The holder of the security on two funds is compelled to shape his own remedy so as to preserve, if possible, the equity of the one whose lien extends to but one fund."

Dorr v. Shaw, 4 Johns. 17.

In Evertson v. Booth, 19 Johns. 486, the rule is stated in the headnote as follows:

"Where a creditor has a lien on two funds out of which he can satisfy his debt, and a subsequent creditor has a lien on one of the funds only, the first creditor must resort to the fund which the second creditor cannot touch, in order that the second creditor may avail himself of his only security: provided, it may be done without injury to the prior creditor or impairing his rights."

Ingalls v. Morgan, 10 N. Y. 178.

It appears by the assignment executed to the plaintiff that at the time of its execution there was only due and owing to the plaintiff, as executrix, the sum of $2,500, with interest from January 7, 1891, and that W. C. Rodger reserved to himself all interest due on said mortgage prior to said January 7, 1891. It also appears that the interest was paid to the plaintiff in full until January 1, 1898, and it is claimed by the appellant that there is due and owing upon the bond and mortgage a sum in excess of what is due and owing to the plaintiff. In view of the decision of the referee and the form of the judgment rendered, we think this circumstance does not injuriously affect the rights of the defendant. The judgment provides, in substance, that the defendant shall either surrender the bond and mortgage to the plaintiff, or, at its option, pay to the plaintiff the amount actually due and owing to her, to wit, the sum of $2,500, with interest from the 1st day of January, 1898. Under that provision of the judgment, in case the mortgage is worth more than the sum due and owing to the plaintiff, the defendant is fully protected. The interest of plaintiff's testator was sufficient to entitle him to the possession of the bond and mortgage, and he was entitled to such possession under the agreement between him and Rodger, and so the plaintiff is entitled to such possession until his interest therein is paid and satisfied.

An examination of the objections and exceptions to the reception and rejection of evidence, to which attention is called by counsel for the appellant, leads to the conclusion that they are not such as to require a reversal of the judgment. It follows that the judgment should be affirmed, with costs.

Judgment affirmed, with costs.

SPRING, J., concurred. ADAMS, P. J., and LAUGHLIN, J., concurred in result. WILLIAMS, J., dissented on grounds: First, that the recording act has no application; second, that the defendant was

a bona fide purchaser; and, third, that the third question discussed in the opinion was not raised upon the trial or upon the argument, and therefore defendant cannot have the benefit of it on this appeal.