John C. O'Brien, Appellant, *v.* Frank V. Fleckenstein et al., Defendants, and William B. Morse et al., Respondents.

Mortgage — Extension of Time of Payment of Pre-existing Debt Constitutes Valuable Consideration Within Meaning of Recording Act — Priority of Mortgages.  A creditor who gives a valid extension of the time of payment of a pre-existing debt and takes a mortgage as security for the same is thereby constituted and given the character of a *bona fide* purchaser for a valuable consideration, within the meaning of the Recording Act, and the mortgage takes priority over a mortgage previously given by the same mortgagor to another mortgagee, which is not recorded until after the second mortgage.

*O'Brien* v. *Fleckenstein*, 86 App. Div. 140, affirmed.

(Argued December 15, 1904; decided January 31, 1905.)

Appeal from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 20, 1903, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term, and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Hugh J. O'Brien* for appellant.  This court has jurisdiction to review the order of the Appellate Division.  (*O'Brien* v. *Fleckenstein*, 177 N. Y. 554.)  It was error for the Appellate Division to reverse on the facts, since no material disputed question of fact was before that court for review. (*Otten* v. *M. Ry. Co.*, 150 N. Y. 395.)  Under no possible

aspect of the facts and the law are the respondents purchasers for a valuable consideration within the meaning of the Recording Act. (*Howells* v. *Hettrick,* 160 N. Y. 308; *De Lancey* v. *Stearns,* 66 N. Y. 157; *Westbrook* v. *Gleason,* 79 N. Y. 23; *Breed* v. *Nat. Bank,* 57 App. Div. 468; *Matter of Kenney,* 5 Am. Bank. Rep. 355; *Matter of Benedict,* 8 Am. Bank. Rep. 463; *Matter of Darwin,* 8 Am. Bank. Rep. 703; *Matter of McCartney,* 6 Am. Bank. Rep. 367; *Matter of Jennings,* 8 Am. Bank. Rep. 366; *Hardt* v. *S. P. Co.,* 69 App. Div. 90.)

*John P. Morse* for respondents. As the reversal by the Appellate Division was stated to be based upon the facts as well as the law, this court has no jurisdiction to review the order of the Appellate Division, if there was a material question of fact upon which a reversal as to the facts could be founded. (*Crooks* v. *People's Nat. Bank,* 177 N. Y. 68; *Otten* v. *M. Ry. Co.,* 150 N. Y. 395.) The material question of fact before the Appellate Division upon which a reversal as to the facts was founded was whether or not there was a valid agreement to extend the time of payment as consideration for the mortgage. (*Wood* v. *Chapin,* 13 N. Y. 509; *L. F. Co.* v. *L. G. & F. Co.,* 82 N. Y. 477.) The agreement to extend the time of payment was a valuable consideration within the Recording Act. (*Cary* v. *White,* 52 N. Y. 138; *Breed* v. *Nat. Bank,* 57 App. Div. 468; 171 N. Y. 648; *Ten Eyck* v. *Whitbeck,* 135 N. Y. 40; *M. & F. Bank* v. *Wixson,* 42 N. Y. 438; *Brown* v. *Leavitt,* 31 N. Y. 113; *Westbrook* v. *Gleason,* 79 N. Y. 23; L. 1897, ch. 418, § 13; *Terrence* v. *Morison,* 89 Hun, 277.)

O'BRIEN, J. The plaintiff in this action sought to foreclose a mortgage for $1,300, dated July 9th, 1902, and due in three months from date. It appears that there was paid upon this mortgage the sum of $500. The mortgage was not recorded until November 25th, following its date. The firm of W. B. Morse & Sons held another mortgage on the same premises for $1,350, bearing date November 17, 1902, due one month

from date and recorded November 18th, 1902, or before the mortgage of the plaintiff.

A part of the relief which the plaintiff demanded in the action was that the court adjudge that his mortgage, which was prior in point of time, should be declared the superior lien, and the question is which of the two mortgages took priority. The defendants W. B. Morse & Sons were the owners of the second mortgage, and it was insisted in their behalf that inasmuch as they knew nothing of the plaintiff's mortgage and had no notice of its existence at the time that they took the second mortgage, which, being first recorded, became the first lien under the provisions of the Real Property Law. (Sec. 241.) It is there declared that a conveyance not recorded " is void as against any subsequent purchaser in good faith and for a valuable consideration from the same vendor, * * * of the same real property, * * * whose conveyance is first duly recorded," and the term " conveyance " includes a mortgage. The two mortgages were executed by the same vendor, and the trial court found as a fact that the later mortgage was given to secure a pre-existing indebtedness and that no new consideration was imported into the transaction. It was admitted at the Appellate Division that the only question in the case was whether this finding was supported by evidence, for if the sole purpose of the second mortgage was to secure an antecedent debt, then Morse & Sons were not mortgagees for a valuable consideration within the meaning of the Recording Act.

The learned Appellate Division reversed the judgment rendered at the Trial Term in favor of the plaintiff, and it is stated in the order that the reversal was upon the law and the facts and that a new trial should be ordered. This court, therefore, has no power to review the order or the judgment entered thereon, unless it appears that there was no question of fact in the case upon which the learned Appellate Division could properly have reversed the judgment. That is really the only question that this appeal presents. The defendants Morse & Sons gave proof at the trial tending to show that

Fleckenstein, the vendor, who executed the two mortgages owed them a debt amounting to $2,700 at the date of the execution of their mortgage; that the debt had been due since the month of April or May preceding and that they were pressing him for payment. The evidence tended to show that on that day he gave to them a note for $1,350, due in one month, secured by the mortgage in question for a like sum on the premises described in the complaint, and the residue of the debt was secured in another way. The question is whether this transaction gave to the defendants Morse & Sons the character of *bona fide* purchasers or mortgagees within the meaning of the Recording Act. It will be seen that by receiving the debtor's note and balancing the account against him on their books they extended the time of payment. That is to say, they disabled themselves from suing upon the debt for one month from the date of the note and mortgage, and hence further credit was given.

Under the authorities we think that a new element or consideration was imported into the transaction between the parties; that is to say, by the extension of time upon the pre-existing debt and the taking of security to be enforced at the end of that time. The law upon this question is thus stated in Jones on Mortgages (§ 459): " The giving of further time for the payment of an existing debt by a valid agreement, for any period however short, though it be for a day only, is a valuable consideration and is sufficient to support a mortgage as a purchase for a valuable consideration." It was clearly competent for the learned court below on the hearing of the appeal to decide upon the evidence in the case that just such an agreement was made as the consideration for the mortgage last executed but first recorded and hence the reversal upon the law and the facts. The adjudicated cases that deal with the question as to what constitutes a valuable consideration in such a case as this are not very clear or satisfactory, and it may be said that they are in some respects apparently conflicting and contradictory. It must be borne in mind, however, that they deal with the question in various aspects. Sometimes the question arises

23

between the immediate parties to the transaction, sometimes with respect to negotiable paper and the rights of sureties claimed to have been discharged by some extension of time, and again with respect to the rights of subsequent purchasers, as in the case at bar. It is safe enough to say that the general trend of the cases and the consensus of opinion supports the rule or principle above stated. I have not been able to find any case where it has been held that such a transaction as appears in this record *does not* constitute a valuable consideration, and the absence of cases upon the precise point that could be regarded as conclusive is doubtless due to the fact that for many years the rule above stated has been universally accepted and acted upon by the bench and the bar as the law in this state. Perhaps none of the cases to which I will now refer is perfectly in point or conclusive of the question, but they all show the general trend of the discussion, and, as I think, plainly recognize the rule as I have stated it above. (*Cary* v. *White,* 52 N. Y. 138 ; *Breed* v. *National Bank of Auburn,* 57 App. Div. 468 ; affirmed, without opinion, 171 N. Y. 648 ; *Hubbard* v. *Gurney,* 64 N. Y. 457 ; *Ten Eyck* v. *Witbeck,* 135 N. Y. 40, 48 ; *Mechanics & Farmers' Bank* v. *Wixson,* 42 N. Y. 438 ; *Pratt* v. *Coman,* 37 N. Y. 440 ; *Brown* v. *Leavitt,* 31 N. Y. 113 ; *Westbrook* v. *Gleason,* 79 N. Y. 23 ; *Weaver* v. *Barden,* 49 N. Y. 286 ; *DeLancey* v. *Stearns,* 66 N. Y. 157 ; *Meltzer* v. *Doll,* 91 N. Y. 365 ; *Mayer* v. *Heidelbach,* 123 N. Y. 332.) Therefore, we hold that where a party gives a valid extension of the time of payment of a pre-existing debt and takes a mortgage as security for the same, that he is thereby constituted and given the character of a *bona fide* purchaser for a valuable consideration, within the meaning of the Recording Act.

So the real question in this case is whether there was a question of fact and whether the Appellate Division had the right to reverse the finding of the trial court that there was no consideration for the defendant's mortgage, except a pre-existing debt. It is quite clear that the proof given by the junior mortgagee tended to show that there was something

more in the consideration of the mortgage than the mere existence of a precedent debt. That is to say, that there was a valid agreement between the debtor and the creditor to extend the time of payment, and that the creditor surrendered the right to sue during the period of extension. The learned court below determined that the finding of the trial court was against the evidence, and hence it reversed the judgment upon the law and the facts. This court cannot say that there was any error in that determination, and so the order appealed from must be affirmed and judgment absolute ordered for defendants on the stipulation, with costs.

CULLEN, Ch. J., GRAY, BARTLETT, HAIGHT, VANN and WERNER, JJ., concur.

Ordered accordingly.