## HUNT v. HUNT.

(132 Pac. 958: 135 Pac. 1180.)

**Appeal and Error—Jurisdiction on Appeal—Injunction.**

1. Where, pending an appeal from a decree dismissing a suit to cancel a note and mortgage on the ground of fraud, the mortgagee instituted a suit to foreclose the mortgage, the Supreme Court would not, on the motion of appellant, restrain by injunction the prosecution of the foreclosure suit.

**Action—Illegal Transactions.**

2. An employer's desire to prosecute criminally an employee for embezzling his property did not bar his recovery of the property or

of its value, and hence he had a right to cash and a note and mortgage given by the employee for the amount embezzled.

### Mortgages—Validity—Duress—Illegal Consideration.

3. Where an employee, after his arrest for embezzlement, asked that he be permitted to repay the amount embezzled, and there was no coercion, threats or vindictiveness on the part of the employer, nor promise, agreement, or understanding that the employee would not be prosecuted, a mortgage given for part of the amount embezzled was not obtained by duress and its consideration was not the employee's release from the charge.

### Homestead—Transfer—Joinder by Wife in Mortgage.

4. A homestead right may be waived by a wife by joining in a mortgage with her husband who owns the fee.

### Mortgages—Validity—Fraud.

5. A recital in a mortgage given by an employee for an amount embezzled by him that it was in consideration of a sum named to the mortgagors in hand paid, the receipt of which was thereby acknowledged, did not make the mortgagee a party to the mortgagor's false representation to his wife to procure her signature thereto that it was given to secure a loan, since it was the usual form used in mortgages and might well be considered as referring to the employer's money which the employee had received.

### Mortgages—Consideration—Prior Debt.

6. A prior debt is a sufficient consideration to sustain a contract or mortgage.

[Precedent debt as consideration for chattel mortgage is the subject of a note in Ann. Cas. 1912C, 79.]

### Mortgages—Validity—Fraud—Against Whom Available.

7. An employer who accepted a mortgage from an employee for the amount embezzled by him and extended the time for repaying such amount for six years was a bona fide purchaser for value as against the employee's wife, who was induced to join in the mortgage by her husband's false representation that it was given to secure a loan, since a pre-existing debt is sufficient to constitute a mortgagee a purchaser for a valuable consideration if it has a new element of consideration imported into the transaction.

From Marion: WILLIAM GALLOWAY, Judge.

This is a suit by Olive E. Hunt against Spencer S. Hunt and F. W. Spencer. From a decree in favor of the defendant Spencer, plaintiff appeals, and moves to enjoin a suit instituted to foreclose a mortgage that plaintiff alleges was procured by fraud pending appeal.

MOTION DENIED.

For the motion there was a brief over the names of *Mr. Woodson T. Slater* and *Mr. Myron E. Pogue,* with an oral argument by *Mr. Slater.*

*Contra,* there was a brief over the name of *Carson & Brown,* with an oral argument by *Mr. John A. Carson.*

Opinion PER CURIAM.

The substance of the complaint herein is that the defendant Spencer accused the plaintiff's husband, the other defendant, of the crime of embezzlement, and caused his arrest without a warrant on that charge; that while under compulsion of arrest the husband agreed with Spencer to give the latter a note for $1,700 and secure the same by the signature of the plaintiff and their mortgage upon their homestead all upon the illegal agreement of Spencer not to prosecute the husband for the alleged crime; that the charge and the corrupt agreement were concealed from the plaintiff by Spencer and the husband, the latter of whom, with Spencer's knowledge and contrivance, fraudulently represented to her that the note and mortgage were being executed for a present loan of money which the husband was obtaining from Spencer for the purpose of engaging in business on his own account; and that in that manner only was her signature obtained. Subsequent discovery by the plaintiff of the alleged fraud is alleged, and the plaintiff prays for cancellation of the note and mortgage. Issues were formed, and the Circuit Court heard the cause, entering a decree dismissing the suit, from which the plaintiff appealed.

Meanwhile Spencer instituted suit to foreclose the mortgage, and now the plaintiff in this suit to cancel that indenture moves this court to enjoin the prosecu-

tion of the foreclosure suit on the ground that it will result in the extinction of the subject of this suit whereby the jurisdiction of this court over the *rem* in question will be ousted. If the pendency of the present suit is a proper basis for resisting the prosecution of the foreclosure suit by injunction, it might be used there under the plea of *lis pendens*. If it is no obstacle to that suit, the way is open there to urge the alleged fraud to defeat the note and mortgage as against this plaintiff. At any rate, no cause is presented here calling for the extraordinary remedy of injunction at the hands of this court. We do not intimate what value the situation has for either party in the foreclosure suit. All we decide is that injunction out of this court will not lie on the case made under the motion.

It is therefore denied.          MOTION DENIED.

--------

Argued September 3, decided September 16, rehearing denied October 14, 1913.

## ON THE MERITS.

(135 Pac. 1180.)

Department 2.  Statement by MR. JUSTICE EAKIN.

The plaintiff brings this suit to cancel a mortgage signed by her on the ground that her signature to it was procured by fraud. Plaintiff and defendant Spencer S. Hunt are husband and wife. The husband was employed as a salesman by defendant F. W. Spencer, a hardware merchant in Salem, from November 1, 1910, until November 14, 1911, during which time Hunt was systematically embezzling money and taking goods from defendant Spencer. On November 14, 1911, he

was detected in converting a part of the proceeds of a sale of goods and by the direction of Spencer was taken into custody therefor by the sheriff. Hunt thereupon confessed his peculations and that he had done wrong and sent for Spencer and asked that he be permitted to repay the money he had taken. He did repay $1,700 and offered to give a mortgage upon his residence property for an additional amount of $1,700, which Spencer agreed to accept in full for the amount taken. On November 14, 1911, Hunt made a note for that amount and a mortgage upon his said residence in favor of Spencer to secure the payment of the same in favor of Spencer, and his wife signed and acknowledged it with him, which is the mortgage complained of in this suit. The plaintiff alleges that the property mortgaged was the homestead of the plaintiff and her husband and was then and ever since occupied by her as her homestead; that on January 15, 1912, the defendant Hunt conveyed the said property to the plaintiff. She further alleges that at the time she signed the mortgage she did not know of the trouble in which her husband was involved, but that he told her the mortgage was to secure a loan of $1,700 to put into a business he was starting, and that she did not know differently until some time in December. The case was tried and the court made findings in favor of the defendant Spencer, and dismissed the suit. Plaintiff appeals.                                   AFFIRMED.

For appellant there was a brief over the names of *Mr. Myron E. Pogue* and *Mr. Woodson T. Slater,* with an oral argument by *Mr. Slater.*

For respondents there was a brief over the name of *Carson & Brown,* with oral arguments by *Mr. John A. Carson* and *Mr. Thomas Brown.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1, 2. It is clear that Spencer S. Hunt did commit the embezzlements charged against him by Spencer, the amount of which is uncertain; but, in the effort to arrive at the actual amount converted, Hunt finally agreed that the amount might be fixed at $3,400, and he would pay that amount. Spencer's desire to prosecute him criminally was no bar to his recovery of this property or of its value. Therefore he had a right to the $1,700 paid and to the note and mortgage for the balance: *Moog* v. *Strang,* 69 Ala. 98. This is not seriously controverted. The plaintiff insists that Spencer obtained the money and mortgage by duress and as a consideration for Hunt's release from the charge, but such a conclusion cannot be reasonably drawn from the evidence in the case. There was no coercion, threats or vindictiveness on the part of Spencer, nor promise, agreement or understanding made that Hunt would not be prosecuted. The proposition of repayment came from Hunt, and Spencer had a right to accept it, if it was not offered and accepted under any agreement to dismiss the criminal charge. Nor was the plaintiff induced to sign the mortgage by reason of threats or duress against her husband. In fact, she says she knew nothing of the charge against him. Therefore the settlement with Hunt was legitimate and proper.

3, 4. The only question is as to the alleged fraud upon plaintiff. A homestead right may be waived by the wife by joining in a mortgage with her husband, who in this case was the owner of the fee in the property. This plaintiff did, but alleges it was obtained by means of a fraudulent statement made to her by her husband, namely, that it was to secure a loan of money. The giving of the mortgage was suggested by Hunt,

and plaintiff seems to concede that unless Spencer participated in the fraud or misrepresentation, or that the mortgage was without consideration, plaintiff cannot avoid the mortgage now. It is said in *Moore* v. *Fuller,* 6 Or. 272 (25 Am. Rep. 524): "That if a married woman, * * without duress or misrepresentation as to the nature of the instrument, joins with her husband in the deed and suffers the deed to be delivered, she cannot avoid it on account of fraud and misrepresentation, without showing that the grantee knew of or participated in the fraud": See, also, *Shell* v. *Holston Nat. Building & Loan Assn.* (Tenn. Ch. App.), 52 S. W. 909; *Riggan* v. *Sledge,* 116 N. C. 87 (20 S. E. 1016).

It is not denied that the execution of the mortgage by the plaintiff was procured through fraudulent representations of her husband; and, the property mortgaged being their homestead, the mortgage was void except as against a purchaser in good faith, for a valuable consideration, and without notice of the fraud. It is not claimed that Spencer actually knew of the fraudulent representations of Hunt to plaintiff, but she contends that as the mortgage recites that "for and in consideration of the sum of $1,700, to them in hand paid, the receipt whereof is hereby acknowledged," and that Spencer was a party to that recital, or caused it to be made, she was justified in considering the mortgage as given for a loan of money. That is the usual form given in mortgages; also it is the form of the ordinary printed blank mortgage and might well be considered as referring to Spencer's money which Hunt had received. She contends, however, that it was drawn by Carson, Mr. Spencer's attorney, and that therefore Spencer was charged with knowledge of the recital; but it appears that Hunt proceeded to have the mortgage drawn, and, failing

to find other attorneys whom he called upon, he went to Carson, who acted for him and not for Spencer in drawing it. It does not appear that Spencer knew of or directed the particular recital, and we think he was not a party to Hunt's statements or representations to plaintiff by reason of such recital.

5, 6. Then, was plaintiff a purchaser for value? He took the mortgage as security for an antecedent debt. But did he part with anything of value for the mortgage? There is no doubt that a prior debt is a sufficient consideration to sustain a contract or mortgage: *Moore* v. *Fuller,* 6 Or. 272 (25 Am. Rep. 524); *Greig* v. *Mueller,* 66 Or. 27 (133 Pac. 94). But, as against an equity or a fraud, in *Gest* v. *Packwood* (C. C.), 34 Fed. 368, District of Oregon, DEADY, Judge, it is said:

"Where a conveyance is made or a security taken, the consideration of which is an antecedent debt, the grantee or person taking the security is not regarded as a purchaser for a valuable consideration. He has not parted with anything of value."

The same is held in *People's Sav. Bank* v. *Bates,* 120 U. S. 556 (30 L. Ed. 754, 7 Sup. Ct. Rep. 679); 3 Story, Eq. Juris. 364, 389. Those cases, however, were decided on the theory that the mortgagee did not change his condition; he did not part with anything of value. But the rule seems to be otherwise where the purchaser or encumbrancer canceled or surrendered the debt on the ground that he is placed in a worse position thereby.

Pomeroy's Equity Jurisprudence, section 749, says:

"Whether the complete satisfaction or discharge or the definite forbearance of an antecedent debt, without the surrender or cancellation of any written security by the creditor, will be a valuable consideration is a question to which the courts of different states have

given conflicting answers; but the affirmative seems to be supported by the numerical weight of authority.''

In a note to *Western Grocer Co.* v. *Alleman* (81 Kan. 543 (106 Pac. 460, 135 Am. St. Rep. 398), in 27 L. R. A. (N. S.) 620, after citing many authorities to the rule as stated, the writer says:

''The reason for this holding is said to be that the purchaser by his purchase is placed in no worse condition than he was in before, as he has parted with nothing of value. But, even in jurisdictions adhering to this doctrine, it is also held that, if for any reason the purchaser is placed in a worse condition than he was in before, he is entitled to the protection of the recording acts. Thus * * if he has extended the time of payment of the indebtedness''—citing cases to that effect from Alabama, Indiana, Iowa, Mississippi, New York and Ohio.

Jones, Mortgages, section 461, in considering the effect of registration acts, says: ''The giving of further time for the payment of an existing debt, by a valid agreement, for any period however short, though it be for a day only, is a valuable consideration.''

In *O'Brien* v. *Fleckenstein*, 180 N. Y. 350 (73 N. E. 30, 105 Am. St. Rep. 768), the opinion says: ''It is safe enough to say that the general trend of the cases and the consensus of opinion supports the rule or principle above stated.''

Although the cases are not in harmony upon this question, especially the earlier cases, we are convinced that a pre-existing debt is sufficient to constitute a mortgagee a purchaser for a valuable consideration in such a case as this, if it has a new element of consideration imported into the transaction.

In this case the time of payment of the debt was extended for six years and was sufficient with the other circumstances of the case to give defendant Spencer

the status of a *bona fide* purchaser for value, and without notice of a fraud as against the mortgagor, and results in the affirmance of the decree.

AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE and MR. JUSTICE BEAN concur.

MR. JUSTICE MCNARY taking no part in the consideration of the case.