## LAKE et al. v. OLDACRE et al.

(Supreme Court, Special Term, Wayne County.    Aug. 3, 1916.)

1. MORTGAGES ⬤➡174—PRIORITIES—CONSIDERATION—EXTENSION OF TIME.

The giving and taking of a note payable in the future, for amount of debt, immediate payment of or security for which was being demanded, evidences an extension, constituting consideration for the mortgage, so as to give it, recorded, priority over a prior, but unrecorded, mortgage.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 413–416; Dec. Dig. ⬤➡174.]

2. MORTGAGES ⬤➡492—FORECLOSURE—RELIEF AWARDED.

Though the complaint to foreclose a mortgage alleges the mortgage of a defendant to be inferior, and such defendant pleads and shows his mortgage to be superior, and asks that the complaint be dismissed as to him, all the parties being before a court of equity foreclosure will be had, and the proceeds applied first to payment of such defendant.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1438; Dec. Dig. ⬤➡492.]

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by Luther S. Lake and another against Willis Howard Old-acre and others to foreclose a mortgage.  Foreclosure decreed.

Charles P. Williams, of Lyons, for plaintiffs.
H. Douglass Van Duser, of Rochester, for defendants Brewster.

SAWYER, J.  Prior to November 1, 1915, the firm of Allee & Old-acre had become indebted to defendants Brewster upon a balance of account in the sum of $442.02, and upon that day an attorney, acting for the Brewsters, called at the firm's store and in their name de-manded of the defendant Willis H. Oldacre, who was one of its mem-bers, immediate payment or security, stating that in event such de-mand was not complied with he would sue them at once.  It appears that he had come prepared to take such action, and had with him at the time a summons for service.  Some conversation was had between them as to Allee & Oldacre being able to give an indorsed note for the account, and the attorney finally permitted the matter to stand over until the next day, to see if that arrangement could be made.  He returned upon the 2d of November, when said Oldacre, who seems to have been acting for his firm, gave him a note, accompanied by a mortgage as collateral thereto, for the sum of $488.84, payable to the defendant Brewster, and due 30 days from date.  Both this note and mortgage were signed and executed by the said Willis Howard Old-acre and his father and mother, the defendants John and. Catherine Oldacre.  In the course of the second day's talk Mr. Oldacre claimed that the account, as presented, was not entirely correct, and the attor-ney stated that he would upon his return cause the matter to be in-vestigated, and if such was the fact the error would be rectified. Subsequently, and on November 5th, he advised Mr. Oldacre that two items, together amounting to $46.82, charged against him, were errors, and such amount had therefore been credited *upon the note.* This mortgage was recorded in the Wayne county clerk's office upon the 4th day of November, 1915.

[1] On or about April 1, 1915, the defendants Oldacre made, ex-ecuted, and delivered to these plaintiffs the mortgage upon which this action is founded.  Same was given for a part of the purchase money of the premises therein described, but was not at the time either ac-knowledged or recorded.  Upon November 4, 1915, it was, how-ever, acknowledged, and duly recorded the following day, November 5th.  Both mortgages are upon the same premises, and the only con-troversy in the action is as to which of them is entitled to priority. The position taken by plaintiffs is that the Brewster mortgage was given for a pre-existing debt, and is therefore subsequent to their purchase-money mortgage, notwithstanding it was first of record; while the defendants Brewster assert that it is founded upon another and sufficient consideration, namely, a valid and enforceable extension of the time of payment of the debt then due, which they held against the firm of Allee & Oldacre.

It does not appear that it was stated in precise and specific words by the attorney representing the defendants Brewster that, if the note and mortgage were given, the time of payment of the existing indebt-

edness would be extended for 30 days. They were, however, demanding an immediate payment of the indebtedness or else security therefor, and threatening, in event such demand was not complied with, to at once take steps to enforce its collection by legal process. It was in response to this demand, and only in response thereto, that the note and mortgage were given.

"There can be no doubt that such was the concurring intention of both parties to the contract which they executed, and the inference would hardly be more certain if the contention had been framed in words and taken the shape of an express agreement." Mayer v. Heidelbach, 123 N. Y. 332, 25 N. E. 416, 9 L. R. A. 850.

No express agreement outside of the given instrument is shown providing for an extension of time, but the transaction itself gives rise to the presumption that the agreement existed and there was sufficient consideration for such agreement in the giving of the mortgage security.

That case is discussed at length upon plaintiff's brief herein, but it seems, as the quoted excerpts indicate, a conclusive authority for the proposition that the intendment of the parties is to be ascertained from their act, and that the note and mortgage in question were offered as an inducement to withhold the threatened legal proceedings, and that by their acceptance thereof the defendants Brewster extended the time of payment of the debt owing them by the firm of Allee & Oldacre; that until the period of extension, namely, 30 days, had expired, any attempt by them to enforce its collection could have upon that ground been successfully resisted by their debtors. This conclusion disposes of the controversy herein presented, for it is well settled that a creditor, who gives a valid extension of the time of payment of a pre-existing debt and takes a mortgage as security for the same, is thereby constituted and given the character of a bona fide purchaser for a valid consideration, within the making of the recording act, and the mortgage takes priority over a mortgage previously given by the same mortgagor to another mortgagee, which is not recorded until after the second mortgage. Douglas v. Miller, 102 App. Div. 94, 92 N. Y. Supp. 514; O'Brien v. Fleckenstein, 180 N. Y. 350, 73 N. E. 30, 105 Am. St. Rep. 768.

[2] The complaint herein alleges in substance that the Brewster mortgage is second and inferior to that of plaintiffs, and makes the usual demand for foreclosure judgment. This is denied by the answer, which sets up the priority of the Brewster mortgage and demands that the complaint be dismissed as to the defendants Brewster. Such disposition of the issue would render plaintiff's foreclosure practically valueless, and any purchaser of the property at a sale herein would necessarily take subject to the Brewster mortgage, and at the peril of another and independent foreclosure action, with its attendant expense and annoyance.

The parties are all before a court of equity jurisdiction, and their rights ought to be finally and completely determined and adjusted. The usual judgment of foreclosure and sale is therefore ordered, same to include the following directions: From the proceeds are first to be paid the expenses thereof, including any unpaid taxes, water rates, etc. Next there shall be paid to plaintiffs, or their attorney, their

taxable costs of this foreclosure, same, however, not to include trial fee or disbursements for witnesses. Next there shall be paid to defendants Brewster the amount of their mortgage, with its interest, together with their costs to be taxed. If parties do not stipulate the amount due on this mortgage, further proofs may be taken. The remainder of the proceeds shall be applied toward the payment of plaintiff's mortgage, and, if there shall then remain a surplus, same shall be disposed of as provided by law.

Findings pursuant to the foregoing may be submitted.