LOUIS M. KOMMEL, Respondent, *v.* HERB-GNER CONSTRUCTION Co., INC., and Others, Defendants, Impleaded with CENTRAL CHANDELIER COMPANY, Appellant.

First Department, January 31, 1930.

*David M. Palley* [*Robert Netter* with him on the brief], for the appellant.

*Jacob Freeman*, for the respondent.

McAvoy, J. The plaintiff brought an action to foreclose a mortgage, and in the action asked to have it adjudged that the contract of conditional sale, made by the defendant Herb-Gner Construction Co., Inc., the mortgagor, with the defendant Central Chandelier Company, is void under section 67 of the Personal Property Law (as added by Laws of 1922, chap. 642).

The defendant Herb-Gner Construction Co., Inc., executed a mortgage to Samuel Langner and Irving Herbst, on terms described in the complaint. The mortgagees paid no consideration for the delivery of the mortgage to them, the mortgage having been made for the purpose of raising money for the mortgagor. On the same day, August 8, 1928, the mortgage was assigned to the plaintiff as collateral security for repayment by the mortgagees to the plaintiff of $20,000. The check for the money was indorsed over to the defendant mortgagor, and the proceeds received by it.

In October, 1928, default having occurred, plaintiff sued to foreclose the mortgage and attacked the appellant's conditional contract of sale of certain lighting fixtures which were installed in the premises prior to the execution of the mortgage. This conditional bill of sale provided that until full payment should be made for such fixtures, the title to them was to remain in the vendor. These lighting fixtures were affixed to the realty, but are severable without material injury to the freehold.

Appellant contends that plaintiff was bound to prove that his assignors had no knowledge or notice of the existence of the con-

tract of conditional sale, and that in default of such proof the appellant should have had a dismissal of the complaint as against it.

Respondent asserts the rule to be that since appellant's conditional contract was made in April, 1928, and plaintiff's mortgage on August 8, 1928, and appellant did not file its conditional bill of sale until twelve days after plaintiff obtained the mortgage, the statute (section 67 of the Personal Property Law) governing conditional bills of sale made the provision in the conditional bill of sale reserving the property in the seller void; and that, for such failure to file the bill, any purchaser from, or creditor of, the buyer of the goods who without notice of such provision purchases the goods or acquires a lien upon them before such a contract of conditional sale or a copy thereof is filed, takes as a *bona fide* holder as though there were no conditional bill of sale in existence.

If the mortgage was taken by the plaintiff without knowledge of the provision of the conditional bill of sale reserving title, prior to the time that the contract had been filed in the appropriate office, plaintiff would be within the meaning of section 65 of the Personal Property Law (as added by Laws of 1922, chap. 642), a purchaser who, without notice of such provision, had a lien by virtue of the mortgage upon the lighting fixtures before the contract of sale had been filed, and the condition reserving title would be void, and the mortgage upon the land and the chattels therein given to the plaintiff would create a lien upon such fixtures in the possession of the mortgagor just as fully as though the mortgagor had absolute title to the fixtures. But, while the proof here indicates a lack of knowledge on the part of the assignee of the mortgagee or of notice of the conditional seller's title, since, in his testimony, he said he knew nothing about the transaction except in so far as informed by his attorney of the making of the loan, there is no proof whatever that his assignors had no notice of the conditional seller's title. The rule in such instances is that the assignee of a mortgagee takes not only subject to the equities existing between the original parties, but also subject to the latent equities which exist in favor of third persons against the mortgagor.

Consequently, if the assignors of the mortgage had notice of the vendor of the chattels claim of reservation of title to the fixtures under the contract of conditional sale, then plaintiff was bound by said notice, and it was incumbent upon him to prove that his assignors had no notice of the conditional bill of sale, in order to avoid the seller's right to claim title unless paid for his chattels. At common law a contract of conditional sale was good against everybody without notice. Persons purchasing the subject-matter of such bills were bound to inquire into the nature of the title

of the holder. Under the statute, to avoid this rule, it becomes the duty of the person who claims no notice of the seller's reserved title, in order to maintain the status of a subsequent purchaser for value thereunder, to make proof of a lack of knowledge of the conditional sale of the questioned goods in himself and his assignors.

In the case of *Duffus* v. *Howard Furnace Co.* (8 App. Div. 567), WARD, J., says (at p. 572): " He must not only be a mortgagee for value, but also a mortgagee without notice. (*Berner* v. *Kaye*, 14 Misc. Rep. 1; *Spicer* v. *Waters*, 65 Barb. 227, 231, 232; *Jewett* v. *Palmer*, 7 Johns. Ch. 65.) The burden of proving that the plaintiff was a mortgagee in good faith was upon him; if there was an omission to file the mortgage, that omission does not relieve the plaintiff. The contract is not void as against him, unless he proves himself within the class of persons against whom the statute declares the contract void."

There is not a scintilla of evidence in the entire record to show that the plaintiff's assignors had no notice of the contract of conditional sale.

The judgment so far as appealed from should be reversed, with costs, and the complaint dismissed as against the appellant Central Chandelier Company, with costs.

DOWLING, P. J., FINCH, MARTIN and PROSKAUER, JJ., concur.

Judgment so far as appealed from reversed and the complaint dismissed as against the appellant Central Chandelier Company, with costs. The findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded. Settle order on notice.