LOUIS M. KOMMEL, Appellant, *v.* HERB-GNER CON-STRUCTION CO., INC., et al., Defendants, and CENTRAL CHANDELIER COMPANY, Respondent.

(Argued April 1, 1931; decided May 12, 1931.)

334

*R. Robert Caplan* and *Jacob Freeman* for appellant. The mortgage while invalid in its inception became valid by virtue of the assignment for consideration and the plaintiff, therefore, when he took the assignment became a purchaser for value within the meaning of section 61 of the Personal Property Law. (*Spicer* v. *First Nat. Bank,* 55 App. Div. 172; 170 N. Y. 562; *Schafer* v. *Reilly,* 50 N. Y. 61; *Verity* v. *Sternberger,* 62 App. Div. 112; 172 N. Y. 633.) The failure of the defendant seller to comply with the requirements of sections 65 and 67 of the Personal Property Law renders the conditional sale contract void as to the plaintiff, a subsequent purchaser for value and without notice of the conditional seller's title. (*Cohen* v. *1165 Fulton Ave. Corp.,* 251 N. Y. 24; *Alf Holding Corp.* v. *American Stove Co.,* 253 N. Y. 450; *Lloyds First Mortgage Corp.* v. *Lombardo,* 227 App. Div. 400; *Curry* v. *Geier,* 225 App. Div. 498.) The rule that the assignee of a mortgagee takes not only subject to the equities existing between the original parties, but also subject to the latent equities which exist in favor of third persons against the mortgagor, does not apply to the present situation. (*Viele* v. *Judson,* 82 N. Y. 32; *Bush* v. *Lathrop,* 22 N. Y. 535; *Van Keuren* v. *Corkins,* 66 N. Y. 77; *Duffus* v. *Howard Furnace Co.,* 8 App. Div. 567.)

*David M. Palley* and *Robert Netter* for respondent. An assignee of a mortgage is not a mortgagee, and the plaintiff, as assignee of the mortgage for the foreclosure of which the action was brought, acquired no greater

rights than his assignors had. It was, therefore, incumbent upon him to prove that his assignors had no notice of the conditional seller's title. (*Viele* v. *Judson*, 82 N. Y. 33; *Crocker-Wheeler Co.* v. *Genesee Recreation Co.*, 160 App. Div. 373; *Duffus* v. *Howard Furnace Co.*, 8 App. Div. 567.)

KELLOGG, J. The defendant Central Chandelier Company, on April 26, 1928, sold and delivered to the defendant Herb-Gner Construction Co., Inc., certain electric lighting fixtures, under a conditional sale contract reserving title in the seller until payment had been made. The fixtures were designed for installation in an apartment house owned by the Herb-Gner corporation, and were so installed. Thereafter, on the 8th day of August, 1928, the Herb-Gner corporation executed and delivered to Samuel Langner and Irving Herbst a bond for the repayment to them of the sum of $30,000, together with a mortgage securing the bond. The mortgage described, as the property conveyed, not only the apartment house but " all fixtures and articles of personal property, now or hereafter attached to, or used in connection with the premises, all of which are covered by this mortgage." No moneys were advanced by Langner and Herbst in consideration of the execution and delivery of the bond and mortgage to them. On the same day, August 8th, 1928, Langner and Herbst, by assignment in writing, transferred the bond and mortgage to the plaintiff to secure to him the repayment of $20,000 which he simultaneously advanced to them. The plaintiff had no knowledge of the terms of the conditional sale contract. Immediately the moneys so advanced were paid over to the defendant Herb-Gner Construction Co., Inc. The mortgage and the assignment thereof were duly recorded on August 9th, 1928; the conditional sale contract was not filed until August 20, 1928.

The Personal Property Law (Cons. Laws, ch. 41), in

article 4, section 65, provides as follows: " Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or a copy thereof shall be filed as hereinafter provided." Definitions of terms employed in section 65 and other sections of article 4 are supplied by section 61. Among them are these: " ' Purchase ' includes mortgage and pledge. ' Purchaser ' includes mortgagee and pledgee." Concededly, if Langner and Herbst had themselves advanced the moneys, to secure the repayment of which the bond and mortgage were ostensibly executed, they would have been " purchasers " within the meaning of section 65. If they had then had no notice of the condition, relating to the retention of title, contained in the contract for the sale of the electric fixtures, that condition would have been void, and the lien of the mortgage would have attached to the fixtures. (*Cohen* v. *1165 Fulton Ave. Corp.*, 251 N. Y. 24.) However, they made no advances, nor were they, so far as the record discloses, ignorant of the terms of the contract. Consequently, they were not purchasers without notice within the meaning of section 65, and the conditional sale contract would have prevailed as against their subsequently executed mortgage. As the mortgage in the hands of Langner and Herbst would have constituted no incumbrance upon the fixtures, it is argued that it constituted none in the hands of their assignee, the plaintiff.

Undoubtedly, it is the general rule that the assignee of a mortgage takes it subject to any equities in favor of the mortgagor or of third persons, which would have prevailed against the assignor. (*Bush* v. *Lathrop*, 22 N. Y. 535; *Schafer* v. *Reilly*, 50 N. Y. 61; *Trustees of Union College* v. *Wheeler*, 61 N. Y. 88; *Decker* v. *Boice*, 83 N. Y. 215; *Bennett* v. *Bates*, 94 N. Y. 354; *Owen* v. *Evans*, 134 N. Y. 514; *Stevenson Brewing Co.* v. *Iba*, 155 N. Y. 224.) In

*Davies* v. *Austen* (1 Vesey's Ch. Rep. 247) Lord THURLOW made the often quoted statement: "A purchaser of a chose in action must always abide by the case of the person from whom he buys." If this were literally true, then the transferee of a mortgage, although paying value therefor, might never enforce it, if the named mortgagee had paid no consideration, since, in the latter's hands the instrument would have evidenced no enforcible debt. We take it that the statement of Lord THURLOW, as well as the general rule, that an assignee of a mortgage takes subject to the equities existing against the assignor, are postulated upon the prior existence of a mortgage or other chose in action then having legal vigor. An instrument purporting to secure the repayment of advances made according to the terms of a certain bond, in the hands of a mortgagee named, who has neither made advances nor caused them to be made, is not a legal instrument; it is not a mortgage; nor is its holder a mortgagee. (*Schafer* v. *Reilly, supra; Spicer* v. *First National Bank*, 55 App. Div. 172; 170 N. Y. 562; *Verity* v. *Sternberger*, 62 App. Div. 112; 172 N. Y. 633; *Payne* v. *Burnham*, 62 N. Y. 69; *Eastman* v. *Shaw*, 65 N. Y. 522; *Claflin* v. *Boorum*, 122 N. Y. 385.)

In *Schafer* v. *Reilly* (*supra*) the issue was one of priority between a mechanic's lien perfected on the 7th of June, 1870, and a mortgage executed and delivered on March 29th, 1870, and assigned on August 27th, 1870. The first moneys advanced upon the mortgage were paid over by the assignee to her assignor at the time of the assignment. It was held that the mechanic's lien had priority. The court said, concerning the mortgage at the time of the assignment: "As a security for any amount, or a lien for any purpose, it only has life and validity from that time." In *Spicer* v. *First National Bank* (*supra*) it was held that a mortgage given without consideration advanced by the mortgagee had no legal inception until its assignment to one paying value therefor; that such

an assignee " occupied the position of a purchaser in good faith for full value." In *Verity* v. *Sternberger* (*supra*) it was held that a mortgage for $10,000, upon which the named mortgagee made no advances, but for which an assignee paid $4,000, had its inception when assigned; that in spite of the form of the transaction there had been no sale of the mortgage; that the transaction was a loan of money at a usurious rate; that the mortgage was void for usury except as to the $4,000 advanced; that this sum was saved to the assignee by virtue of an estoppel arising through a certificate furnished the assignee by the mortgagor that the full amount had originally been advanced upon the mortgage by the assignee. In *Eastman* v. *Shaw* (*supra*) it was held that a note transferred by a payee who had paid no value therefor to a person who paid less than its face represented a usurious loan. Professor Parsons (Notes and Bills, p. 426) was quoted as saying that a transferee in such case, " being the first owner, must be held to have loaned the money to the maker, through the prior parties, who were only agents of the maker." Commissioner DWIGHT, writing for the court, said: " These authorities serve to show that the rule that a note must have had an inception, to make it the subject of sale, is not confined to the case of accommodation paper, but extends to all cases where the paper, though in the similitude of a note, has no existence as between the immediate parties to it." (p. 528.)

In the hands of Langner and Herbst the instrument now sued upon had had no legal inception; it was not then a mortgage; it was then incapable of sale; it became a mortgage when the plaintiff advanced $20,000 upon the faith of its assignment. Thus, the plaintiff, who owned the instrument from the moment of its inception as a mortgage, was to all intents and purposes the original mortgagee. It follows that the plaintiff, having no notice of the conditional sale contract, was a " purchaser " without notice within the meaning of section 65 of the Personal Property Law; that, as to him, the condition

reserving title to the electric fixtures, contained in the contract of sale, which was not yet filed, was void, and the lien of the mortgage attached to the electric light fixtures. Authority, as well as reason, compels these conclusions. It may well be that in *Viele* v. *Judson* (82 N. Y. 32) expressions were used which, taken literally, might lead to a contrary result. It is enough to say that they were not requisite to the decision, nor were they addressed to such a situation as we have presented here.

The judgment of the Appellate Division should be reversed, and that of the Trial Term affirmed, with costs in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.