G. GOLDBERG & SONS, INC., Plaintiff, *v.* WEISBERG-GOLDMAN CORPORATION and Another, Defendants.*

Supreme Court, New York County, June 1, 1931.

*Milton Elias Schattman,* for the plaintiff.

*Weinstein & Levinson,* for defendant Weisman-Goldman Corporation.

*C. Elmer Spedick,* for defendant Title Guarantee and Trust Company.

---

* Affirmed by Appellate Division (235 App. Div. 717), and reversed in part and affirmed in part by Court of Appeals (260 N. Y. 690), and remittitur of Court of Appeals amended (261 N. Y. 720).

GAVEGAN, J.   An action of replevin is brought by a corporation which supplied hardware for two building operations in the borough of Brooklyn under a contract by which it reserved title until payment.   The conditional bill of sale was filed in October, 1929.   The builder, which then was the owner, and the title company, which made the building loan, are the defendants.   The title company's lien is unquestioned against hardware affixed prior to September 17, 1929, in the East Eighteenth street building and prior to September 27, 1929, in the East Seventeenth street building.   Against what was subsequently installed, its lien is good only to the extent that the hardware may not be detached without material injury to the freehold; for, subsequent to the dates in September, 1929, mentioned above, it made no advances until after it had notice of the reservation of title in plaintiff.   Defendants argue that the description of plaintiff's material is not sufficiently complete in the filed papers.   The proof is, however, that the title company was put on notice prior to the time in 1930 when it advanced the final " payments " on the building loan or mortgage.   Its representative attending to the matter was personally notified of plaintiff's claim.   It is defendants' burden to establish that, due to the pertinent provisions of the Personal Property Law (§§ 60 *et seq.*), plaintiff's reservation of title did not continue good against the mortgagee.   Without such a case on the part of defendants, plaintiff's ownership would stand unchallenged.   To this effect see *Kommel* v. *Herb-Gner Construction Co., Inc.* (228 App. Div. 96; revd., 256 N. Y. 333, on other grounds).   Defendants failed to prove what parts of the material supplied by plaintiff were affixed to either building after the title company increased the loans in September, 1929.   They offered testimony that the hardware was installed " some time around September," that substantially all of what plaintiff delivered had been affixed " about some time in the middle of September," and that the buildings were occupied shortly after the first of October.   There is also proof that, when the title company in September, 1929, increased the amounts loaned, high " percentages of completion " had been attained, according to the calculations of its inspector.   The secretary of a corporation formed by the creditors of the builder testified very unsatisfactorily that " substantially all the hardware consisting of locks, hinges " and the like was installed prior to the middle of September, 1929.   The testimony of this witness and that of the representative of the builder is too indefinite, inconclusive and unsatisfactory to serve defendant's purpose.   A witness for the defendant which was the prior owner admitted on cross-examination that it had " records of the material

as it was delivered." Such records were not produced. The evidence shows that there were deliveries by plaintiff after the title company made the September advances and that not all of the hardware was applied before the end of September, though it is conceded that the buildings were completed by October 8, 1929.

On the record, plaintiff must prevail excepting in so far as the effect of section 67 of the Personal Property Law is to deprive it of what cannot be detached without material injury to the freehold. I find that the statute prevents it from recovering butts and hinges which hold doors to the building. As to some of these, it is indicated by Schedule A to the complaint that recovery is sought, although at the trial there was a statement tending to the contrary. The other items, consisting principally of finishing hardware and lock sets, of standardized types, are held to be detachable without material injury to the freehold. Their value as detached property will be determined as of the time of the demand in October, 1929. We are not concerned with rights, if any, of the creditors' corporation which took over the property and which is not a party to the action. Only against the two defendants will the judgment be effectual. Further memoranda will be taken to assist the court in determining the items to be excluded in accordance with the foregoing and in determining from the record the value of each item detachable without material injury. In this connection the effect of the schedule and Exhibits 16 and 17 are not clear. Let the additional memoranda be served and filed promptly.