NEW YORK TITLE AND MORTGAGE COMPANY, Plaintiff, *v.* GROSSMAN PROPERTIES, INC., Defendant.   (Five Cases.)

COUNTY TRUST COMPANY, Plaintiff, *v.* GROSSMAN PROPERTIES, INC., and Others, Defendants.

Supreme Court, Bronx County, July 27, 1931.

*Frank E. McKeon,* for the plaintiff.

*Horace London* [*Leo Guzik* of counsel], for the defendant London Lightingwares.

*Wills & Wardell* [*M. M. Wardell* of counsel], for the defendant American Stove Company.

McCook, J.   In each of these six actions the plaintiffs seek a judgment of foreclosure and sale of six houses, and incidental thereto judgment that the bills of sale of the defendants American Stove Company, sued herein as Quick Meal Stove Company, and the London Lightingwares Corporation, are null and void as against the plaintiffs and purchasers at the foreclosure sale to be held herein.   The defendant American Stove Company sold gas ranges to the owner of the premises under a conditional sales agreement providing that title was to remain in it until full payment had been made.   Payment has been made for the ranges on these premises involved in actions Nos. 1 and 3, so that it is conceded that in those

actions no title is in this defendant. The defendant London Lightingwares Corporation sold electric light fixtures to the owner under a conditional sales agreement, providing that title was to remain in it until payment had been made. The sum of $4,700 is still unpaid. Some time after the execution of these agreements building loan mortgages were made and executed between the owner of the premises, the Soundfield Holding Corporation, and the plaintiff New York Title and Mortgage Company. The mortgage involved in action No. 6 was subsequently assigned to the plaintiff the County Trust Company. The mortgages contained the now usual clause, " Together with all fixtures and articles of personal property now or hereafter attached to or used in connection with the premises, all of which are covered by this mortgage." Final advances under these mortgages were made by New York Title and Mortgage Company between March 19, 1929, and April 23, 1929. It is conceded that the conditional sales agreements were not filed until about a year later, in April, 1930. There is a conflict of testimony concerning the dates when the chattels were installed, but the view I take of this case renders such dates of no consequence. Even if I accept the testimony of plaintiffs' witnesses that the final advances were made subsequent to their installation, plaintiffs cannot prevail.

Plaintiffs cannot avail themselves of section 67 of the Personal Property Law (added by Laws of 1922, chap. 642, as amd. by Laws of 1930, chap. 874), which they stressed at the trial, because the property involved is personal property, not fixtures. (*Madfes* v. *Beverly Development Corporation,* 251 N. Y. 12; *Alf Holding Corporation* v. *American Stove Co.,* 253 id. 450.) The plaintiffs further urge section 65 of the Personal Property Law (added by Laws of 1922, chap. 642) to defeat defendants' title to the property in question, invoking the decision in *Cohen* v. *1165 Fulton Ave. Corporation* (251 N. Y. 24). Section 65 reads in part as follows: " Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer, who, *without notice of such provision,* purchases the goods * * * before the contract or a copy thereof shall be filed as hereinafter provided." (Italics mine.) The word " purchaser " includes " mortgagee." (Pers. Prop. Law, § 61 [added by Laws of 1922, chap. 642, as amd. by Laws of 1930, chap. 874]; *Cohen* v. *1165 Fulton Ave. Corporation, supra,* 27.)

There is the further requirement, however, that the mortgagee be " without notice of such provision " in order to entitle it to take advantage of section 65. " The burden of establishing itself as a mortgagee in good faith or a purchaser for value was upon

the plaintiff." (*Hobart Holding Co., Inc.,* v. *Fortwell Realty Corporation,* 232 App. Div. 689, 690.) (See to the same effect *Kommel* v. *Herb-Gner Const. Co.,* 228 App. Div. 96, 98, revd., on other grounds, 256 N. Y. 333; *Boriskin* v. *Toll Realty & Construction Co., Inc.,* 225 App. Div. 695; *Cutler Mail Chute Co.* v. *Crawford,* 167 id. 246, 253; *Duffus* v. *Howard Furnace Co.,* 8 id. 567, 572.) In the *Hobart Holding Co.* case the court stated that the mortgagee's " utter failure to make any inquiry that would have informed him of the conditional vendor's rights " was an additional fact preventing him from coming within the aforesaid section of the Personal Property Law. Whether or not the mortgagee is required to show that it made inquiry, it must under the authorities establish that it had no notice of the conditional sales contract or of the provisions therein contained. The plaintiffs have failed to do so. The only testimony dealing with this matter was furnished by one of the plaintiffs' witnesses on cross-examination. His answers were evasive and frequently unresponsive. He admitted that at the present time the plaintiff New York Title and Mortgage Company requires an affidavit from the owner that there are no conditional sales agreements, but stated that at the time of the transactions involved herein there was no such requirement. He did not say that the plaintiff did not have notice of the conditional sales agreements or of the provisions therein contained, although he apparently endeavored to create that impression.

The plaintiff the County Trust Company is in no better position than its assignor. (*Kommel* v. *Herb-Gner Const. Co.,* 256 N. Y. at p. 336.) Since the plaintiffs have failed to establish that they were mortgagees without notice, they are not saved by the defendants' omission to file the conditional sales agreements.

Plaintiffs are entitled to judgment in all six actions, except that the complaints are dismissed in all six actions as against the defendant London Lightingwares Company, whose conditional sales agreement is declared a valid lien to the extent of $4,700, and except that the complaints are also dismissed in actions Nos. 2, 4, 5 and 6 as against the defendant American Stove Company, whose conditional sales agreement is declared a valid lien to the extent of the amount still unpaid. Findings and judgments signed.