FRANK M. MERRITT and Another, Copartners Trading under the Firm Name and Style of F. M. MERRITT & SON, Respondents, v. DANSMITH CORPORATION and Others, Appellants, Impleaded with SYLVESTER I. SMITH and Others, Defendants.

Third Department, March 15, 1934.

*John D. Lyons* [*Nellie Childs Smith* of counsel], for the appellant Serafino Fontana.

*Sylvester I. Smith,* for the appellants Dansmith Corporation and others.

*Eugene H. Bouton* [*Ellsworth Baker* of counsel], for the respondents.

HILL, P. J.    The decision of this appeal involves a determination as to the priorities between liens for material, for labor, and that arising through the delayed recording of a mortgage given for the purchase price of the real property upon which a building was erected.    The chronological sequence: July 9, 1932, defendant Fontana conveyed the unimproved real estate to the Dansmith Corporation.    The deed was recorded two days later.    Plaintiffs' lien for materials used in the erection of the building was filed November ninth.    A mortgage bearing date November third, from the grantee in the deed to the grantor to secure the entire purchase price of the real estate, was recorded December fifth.    Four liens, conceded to be for wages, were filed the 9th and 10th of January, 1933.    The decision and judgment of the Special Term direct a sale of the property and the distribution, after costs and expenses, *first,* to the plaintiffs on account of their lien for materials; *second,* to the mortgagee; lastly, to the labor lienors.

The vendor's mortgage, through his neglect and delay, lost the priority given purchase-money mortgages, and became a lien at the time it was recorded, and subject to liens of earlier record. " The general rule stated applies more particularly to cases where it is sought to enforce an equitable lien for the purchase money, which has never been put on record as against subsequent mortgagees or purchasers in good faith and for a valuable consideration. In such a case it is too clear to admit of any question that the rights of the person claiming such equitable lien should yield, by reason of his neglect, to the claims of subsequent incumbrancers or purchasers, and it may well be asserted that a prior claimant for the purchase money under such circumstances has, by his silence or neglect, yielded his right." (*Spring* v. *Short,* 90 N. Y. 538, 543.) "A purchase-money mortgage is as much subject to the Recording Act as any other." (*Ebling Brewing Co.* v. *Gennaro,* 189 App. Div. 782, 786.)    The priority of a purchase-money lien arises when there is a simultaneous execution of the deed and the mortgage where-under the vendee and mortgagor is seized only of such a beneficial

interest as is not reconveyed by the mortgage. While plaintiffs' lien, filed before the mortgage was recorded, is prior thereto (Lien Law, § 13), the labor liens filed later are subsequent.

A difficult and anomalous situation is presented when we consider the priorities thus established, in connection with the statutory provision that there shall be no priority on account of the time at which notices of lien are filed, but that all shall be on a parity, except that laborers for daily or weekly wages shall have preference over all others. (Lien Law, § 13.) This preference was disregarded by the Special Term in its decision because if the labor liens were preferred over that for material, they would be preferred also over the mortgage lien, in violation of the Recording Act. Authority in support is found in *Giant Portland Cement Co.* v. *Barber A. P. Co.* (187 App. Div. 581; affd., 232 N. Y. 395). There the action involved the distribution of a fixed amount of money due under a public contract. A lien for material was first filed, followed by an assignment and this by a labor lien. Here the amount for which the premises will sell is unknown. Should the sum available for distribution amount to not more than plaintiffs' lien for material, preference could be given the labor liens without affecting the rights of the mortgagee. The opinion in the Appellate Division in the *Cement Co.* case says (p. 585): " Clearly the labor liens would be entitled to be paid first if there had been no assignment, regardless of priority of filing of the material liens, and that might be so if the fund did not exceed the amount of liens filed before the filing of the assignment, because if there was no surplus there would be nothing to assign." The determination made by the Appellate Division was affirmed by the Court of Appeals, but as therein stated, while the same conclusion was reached, it was for different reasons (p. 409). " Of course the statute of priority for laborers' liens does not provide or mean that such liens are liens on or payable out of the liens and claims thereunder of materialmen. It simply provides and means that such laborers' liens shall be paid out of the fund before the liens of materialmen. Therefore, if priority of claims against the fund was given to these laborers' liens over those of the materialmen the result would simply be that the liens of the latter would be pushed farther down on the fund and that there would be less balance applicable to the payment of the bank under its assignment. The only practical effect of such priority would be visited upon the bank and its claim under its assignment would be made subordinate to these additional liens. This result cannot be permitted under the statute. It has been held that this right of priority of laborers' liens does not exist as against an assignment by the contractor of moneys due or to grow

due on his contract. (*Riverside Contrg. Co.* v. *City of New York,* 218 N. Y. 596.)"

Thus the Court of Appeals seems to have determined that the statute does not permit an application of the labor priority provision of the Lien Law in the event it would or might subordinate the mortgage lien to after-filed liens. Should this property sell for a sum not greater than plaintiffs' lien, and costs, the mortgagee's rights will not be involved, and the lien for material will be given preference over labor. This is in harmony with the construction by the Court of Appeals in the *Cement Co.* case, that labor liens are not " payable out of the liens " for material.

The judgment should be affirmed, without costs.

MCNAMEE, CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Judgment affirmed, without costs.