■ PAKRAD A. GIRAGOSIAN et al., Respondents, v PAUL R. CLEMENT et al., Defendants, and CITIBANK (NEW YORK STATE), Appellant. [604 NYS2d 983] —Crew III, J. Appeal from that part of an order of the Supreme Court (Cardona, J.), entered September 2, 1992 in Albany County, which ruled that defendant Citibank (New York State) was bound by a previous judgment of foreclosure and that Citibank's lien upon the foreclosed premises had been extinguished.

On August 19, 1988, plaintiffs conveyed to defendants Paul R. Clement and Delores A. Clement (hereinafter defendants) certain real property located in the Town of Colonie, Albany County. On that date, defendants executed a note and mortgage in favor of plaintiffs in the amount of $26,000 and, additionally, a note and mortgage in favor of defendant Citibank (New York State) in the amount of $86,400. It appears that neither mortgage contained language subordinating it to the other. The deed for the subject premises was recorded on August 22, 1988, as was Citibank's mortgage. The mortgage held by plaintiffs was recorded the following day. It is undisputed that the moneys obtained from the respective mortgages were applied to the purchase price of the subject premises and, further, that both mortgages are in fact purchase money mortgages.

Defendants thereafter defaulted on the note and mortgage given to plaintiffs and, following commencement of the instant foreclosure action, the property was sold at auction to Francis Purritano, Jr. Purritano subsequently refused to close on the property due to his apparent inability to secure title insurance, and plaintiffs moved to compel. Supreme Court granted plaintiffs' motion finding, *inter alia,* that plaintiffs' mortgage had priority over that of Citibank's and, further, that Citibank's lien had been extinguished. This appeal by Citibank followed.

We affirm. The general rules governing the priority of mortgages may be simply stated. As between two mortgages, the rule of *prior tempore potior jure* applies, i.e., the mortgage bearing the earliest date of execution prevails *(see,* 78 NY Jur 2d, Mortgages and Deeds of Trust, § 211, at 32). If two mortgages on the same premises are executed contemporaneously, the mortgages are of equal standing, although subsequent circumstances may develop such that one mortgage attains priority *(see,* 78 NY Jur 2d, Mortgages and Deeds of Trust, § 216, at 38). In determining priority, consideration must also be given to the effect of the recording statute *(see generally,*

Real Property Law art 9). "Thus, as between two duly recorded conveyances, the claim of the person whose instrument is first recorded has priority" (78 NY Jur 2d, Mortgages and Deeds of Trust, § 212, at 33; *see generally,* Real Property Law § 317). A different rule has developed, however, with respect to purchase money mortgages and may be stated as follows: "A vendor of real property has an equitable lien for the unpaid purchase price, and when the vendee gives a purchase-money mortgage the lien of such mortgage is substituted for the vendor's equitable lien. [Thus, t]he rule is that a purchase-money mortgage has priority over all rights, claims, judgments, or liens of any kind arising through the mortgagor although they are prior in point of time" (78 NY Jur 2d, Mortgages and Deeds of Trust, § 217, at 38-39). *(See, Boies v Benham,* 127 NY 620, 624; *see also, Dusenbury v Hulbert,* 59 NY 541, 544-545.)

Applying this rule to the facts before us, it is clear that Supreme Court properly determined that plaintiffs' mortgage did in fact have priority over the mortgage held by Citibank. That being the case, Citibank is bound by the judgment of foreclosure and its lien upon the subject premises has been extinguished *(see generally,* 78 NY Jur 2d, Mortgages and Deeds of Trust, § 662, at 543). Citibank's remaining arguments have been examined and found to be lacking in merit.

Weiss, P. J., Mercure and White, JJ., concur. Ordered that the order is affirmed, with costs.