■ Rite Capital Group, LLC, et al., Appellants, v LMAG, LLC, et al., Defendants, and Zeg Enterprises, Inc., Respondent. [936 NYS2d 280]—

On or about February 14, 2008, the plaintiff Rite Capital Group, LLC (hereinafter Rite), loaned $400,000 to the defendant LMAG, LLC (hereinafter LMAG), in exchange for which Rite received a mortgage in that amount on property owned by LMAG, located in Brooklyn. The defendant Lynette R. Meredith, the managing and sole member of LMAG, used $270,114.20 from the Rite loan to pay off a mortgage on that property issued by Chase Manhattan Mortgage Corp. (hereinafter Chase). Meredith then gave the defendant Zeg Enterprises, Inc. (hereinafter Zeg), a mortgage on the same premises for $300,000 on March 19, 2008, and Zeg recorded that mortgage on March 27, 2008. Rite did not record its mortgage until April 2, 2008.

Rite, and the plaintiff Sterling Real Estate Holding, LLC (hereinafter together Rite), commenced this action to foreclose its mortgage, and for a judgment declaring that its mortgage had priority over Zeg's mortgage. Zeg moved for summary judgment, arguing that its mortgage had priority because it was recorded before Rite's mortgage. Rite cross-moved for summary judgment. The Supreme Court granted Rite's cross motion, and denied Zeg's motion in an order dated September 13, 2010. Zeg moved for leave to reargue its motion and its opposition to the cross motion, contending that the Supreme Court had misinterpreted the law. In an order dated January 31, 2011, the Supreme Court granted the motion for leave to reargue, and, upon reargument, in effect, vacated the order dated September 13, 2010, and thereupon granted Zeg's motion for summary judgment and denied Rite's cross motion. The Supreme Court held that "Zeg was a bona fide encumbrancer for value without notice (actual, constructive, inquiry or otherwise) and is therefore entitled to priority of Zeg's mortgage ahead of Rite's mortgage." Rite appeals, and we modify.

"Under New York's Recording Act (Real Property Law § 291), a mortgage loses its priority to a subsequent mortgage where the subsequent mortgagee is a good-faith lender for value, and records its mortgage first without actual or constructive knowledge of the prior mortgage" (*Washington Mut. Bank, FA v Peak Health Club, Inc.*, 48 AD3d 793, 797 [2008]). Here, Zeg established, prima facie, that it was a good-faith lender for value, and that it recorded its mortgage first without actual or constructive notice of the Rite mortgage. Rite failed to raise a triable issue of fact on this issue (*see generally Stukas v Streiter*, 83 AD3d 18, 24 [2011]).

However, the Supreme Court should have also determined that Rite's mortgage should be equitably subrogated to the rights of the Chase mortgage in the sum of $270,114.20—the amount of the proceeds of the Rite mortgage which was used to satisfy the Chase mortgage—as Zeg's mortgage did not exist at the time the Chase mortgage was satisfied (*see Surace v Stewart*, 58 AD3d 715, 716 [2009]; *LaSalle Bank Natl. Assn. v Ally*, 39 AD3d 597, 600-601 [2007]; *see generally King v Pelkofski*, 20 NY2d 326, 333-334 [1967]). We modify the order appealed from accordingly.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of an appropriate judgment, inter alia, declaring that the portion of Rite's mortgage lien on the subject real property representing security for loan proceeds up to the amount of

$270,114.20 plus interest is superior to the mortgage lien held by Zeg, but that the mortgage lien on the subject real property held by Zeg is otherwise superior to the mortgage lien held by Rite (see *Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Angiolillo, J.P., Balkin, Dickerson and Hall, JJ., concur.