*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 14, 2015                    519162
_____

WELLS FARGO BANK, N.A., as
    Trustee for OPTION ONE
    MORTGAGE LOAN TRUST 2006-2
    ASSET-BACKED CERTIFICATES,
    SERIES 2006-2,
                    Respondent,

        v                                      MEMORANDUM AND ORDER

HENRY C. ROTTNER et al.,
                    Defendants,

        and

KEVIN P. CONROY,
                    Appellant.
_____

Calendar Date:  March 26, 2015

Before:  Peters, P.J., Lahtinen, Rose and Devine, JJ.

                    _____

        Bartlett, Pontiff, Stewart & Rhodes, PC, Glens Falls (Karla
Williams Buettner of counsel), for appellant.

        Delbello Donnellan Weingarten & Wiederkehr, LLP, White
Plains (Frank J. Haupel of counsel), for respondent.

                    _____

Rose, J.

        Appeal from an order of the Supreme Court (Muller, J.),
entered April 7, 2014 in Essex County, which denied defendant
Kevin P. Conroy's motion for partial summary judgment on his
counterclaim.

Defendants Henry C. Rottner and Leslie Rottner (hereinafter collectively referred to as defendants) entered into a loan agreement with Option One Mortgage Corporation in 2006. Defendants' loan was secured with a purchase money mortgage on their second home in the Town of North Elba, Essex County, and the mortgage was later assigned to plaintiff. It was not, however, recorded until December 6, 2007. In the meantime, defendants obtained additional loans from their brother-in-law, defendant Kevin P. Conroy. Conroy delegated the handling of these loans to his chief financial officer, and this employee later arranged with defendants to secure the loans that Conroy had made with a mortgage on the Town of North Elba property. Pursuant to the terms of this mortgage, Conroy also agreed to advance additional loans in the future, although the agreement provided that he was not obligated to do so. Conroy's mortgage was recorded in August 2007, more than four months before the December 2007 recording of plaintiff's mortgage.

In March 2008, plaintiff commenced this action seeking a judgment of foreclosure on its mortgage, and Conroy asserted a counterclaim alleging that his mortgage had priority. When Conroy moved for partial summary judgment on his counterclaim, Supreme Court denied the motion, finding that plaintiff's mortgage had priority by virtue of being a purchase-money mortgage. The court also concluded that, in any event, issues of fact existed as to whether Conroy's mortgage was given for valuable consideration and whether Conroy was aware of plaintiff's mortgage because of his relationship with defendants and his knowledge of their financial difficulties. Conroy appeals.

We agree with Conroy that Supreme Court erred by finding that plaintiff's mortgage is entitled to priority based on its status as a purchase-money mortgage. In reaching that conclusion, Supreme Court relied on Giragosian v Clement (199 AD2d 656 [1993], lv denied 83 NY2d 756 [1994]). The facts of Giragosian, however, are distinguishable, inasmuch as it involved two contemporaneously executed purchase-money mortgages, one given to the vendors and the other given to a third party (id. at 656). Even though the vendors recorded their mortgage second, they were entitled to priority under the theory that their

mortgage was a substitute for their equitable lien on the property (id. at 657; see Boies v Benham, 127 NY 620, 624 [1891]). Giragosian thus determined the priority of the vendors' purchase-money mortgage with respect to a contemporaneously executed purchase-money mortgage given to a third party, and it should not be interpreted to stand for a general proposition that purchase-money mortgages always have priority, regardless of the recording act (see Real Property Law § 291). Rather, "'a mortgage loses its priority to a subsequent mortgage where the subsequent mortgagee is a good-faith lender for value, and records its mortgage first without actual or constructive knowledge of the prior mortgage'" (Carrion v 162 Pulaski, LLC, 117 AD3d 767, 768-769 [2014], quoting Washington Mut. Bank, FA v Peak Health Club, Inc., 48 AD3d 793, 797 [2008], lv dismissed 10 NY3d 911 [2008]; see Merritt v Dansmith Corp., 240 App Div 338, 339-340 [1934]). Accordingly, "plaintiff's purchase money mortgage 'is as much subject to the Recording Act as any other'" (Carrion v 162 Pulaski, LLC, 117 AD3d at 769, quoting Ebling Brewing Co. v Gennaro, 189 App Div 782, 786 [1919]).

Nor can we agree with Supreme Court that issues of fact exist as to whether Conroy had notice of plaintiff's mortgage. Conroy established that neither he nor his employee had actual knowledge of plaintiff's mortgage at the time when defendants granted a mortgage to him. Although Conroy had a relationship with defendants in that he was married to Leslie Rottner's sister, he unequivocally testified that he had no knowledge of a prior mortgage, and — significantly — Henry Rottner testified that he never told Conroy or his employee, with whom he primarily dealt, about the prior mortgage. In response, plaintiff offered no evidence of any fact that would support a conclusion that Conroy should have known of its mortgage. Accordingly, no issues of fact exist as to whether Conroy had actual or constructive notice of the prior mortgage (see Rite Capital Group, LLC v LMAG, LLC, 91 AD3d 741, 743 [2012], lvs dismissed 19 NY3d 834, 992 [2012]; Washington Mut. Bank, FA v Peak Health Club, Inc., 48 AD3d at 798).

We agree with Supreme Court, however, that issues of fact exist as to whether Conroy's mortgage was supported by valid consideration. In support of his claim that he received value

for the mortgage, Conroy relies on the extension of time to repay the antecedent debt secured by the mortgage as well as the promise to advance additional funds in the future. While the mortgage did indeed purport to extend the time for repayment of the antecedent debt, we note that Conroy also retained the right to demand payment at anytime. Accordingly, he did not establish that the antecedent debt was valid consideration as a matter of law (see O'Brien v Fleckenstein, 180 NY 350, 353 [1905]; De Lancey v Stearns, 66 NY 157, 161-162 [1876]; Cary v White, 52 NY 138, 142 [1873]).

Conroy likewise failed to provide proof in admissible form establishing that he advanced defendants additional funds in accordance with the mortgage agreement after his mortgage was executed and prior to the time that plaintiff recorded its mortgage (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Generally, a mortgage will not secure future advances until they are actually made (see Kommel v Herb-Gner Constr. Co., 256 NY 333, 337 [1931]; compare Kawai Am. Corp. v Hilton, 205 AD2d 1021, 1022 [1994], lv dismissed 87 NY2d 968 [1996]). Conroy only generally alleges that he advanced loans over the amount of the antecedent debt, and he does not adequately establish the timing or nature of any of the claimed advances. Moreover, the record suggests that not all of the sums given to defendants by Conroy after his mortgage was recorded were considered to be secured by the mortgage. Inasmuch as Conroy failed to establish that his mortgage was given for valid consideration, we cannot conclude that Supreme Court erred in denying his motion for partial summary judgment.

Peters, P.J., Lahtinen and Devine, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court