Genesis Fin., Inc. v Commonwealth Land Tit. Ins. Co. (2025 NY Slip Op 01270)

Genesis Fin., Inc. v Commonwealth Land Tit. Ins. Co.

2025 NY Slip Op 01270

Decided on March 6, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 6, 2025

CV-23-2056
[*1]Genesis Financial, Inc., Appellant,
v
Commonwealth Land Title Insurance Company, Respondent.

Calendar Date:January 7, 2025

Before:Clark, J.P., Reynolds Fitzgerald, Ceresia, McShan and Powers, JJ.

King, Adang & Arpey, Saratoga Springs (John J. Carusone Jr. of Carusone & Carusone, Saratoga Springs, of counsel), for appellant.
Maynard, O'Connor, Smith & Catalinotto, LLP, Albany (Justin W. Gray of counsel), for respondent.

Clark, J.P.
Appeal from an order of the Supreme Court (Martin Auffredou, J.), entered September 28, 2023 in Warren County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.
On June 30, 2005, Charles Cefalu, acting on behalf of The Lofts on South, LLC, purchased real property located in the City of Glens Falls, Warren County from its original owner. The original owner received a partial cash payment toward the purchase price and accepted a note for the remainder of said price, secured by a mortgage on the property. The same day, Cefalu, on behalf of The Lofts on South, executed a second note and mortgage and delivered it to Adirondack Real Estate Holdings, Ltd. (hereinafter Adirondack). Adirondack then sought to protect its interest in the subject property, and that of its successors and assignees, with a lender's title insurance policy from defendant. On July 7, 2005, Cefalu caused the mortgage documents held by the original owner and by Adirondack to be recorded in the Warren County Clerk's office. Then, in December 2005, Adirondack assigned its note and mortgage to plaintiff, representing that its mortgage lien had first priority.
The original owner commenced an action in 2009 seeking to foreclose on his mortgage (hereinafter the foreclosure action), alleging, as relevant here, that his mortgage was superior to the mortgage then held by plaintiff. As that action remained pending, plaintiff commenced the instant action seeking to recover damages allegedly caused by defendant's failure to represent plaintiff's interest in the foreclosure action, as well as for indemnity under the terms of the title insurance policy. The foreclosure action proceeded to a nonjury trial, after which Supreme Court (Krogmann, J.) determined that the mortgage held by the original owner was entitled to higher priority than any interest then held by plaintiff.[FN1] Thereafter, defendant moved for summary judgment in the instant action, seeking dismissal of the complaint based on the alleged invalidity of the Adirondack mortgage which, defendant argued, also rendered the title insurance policy invalid. Plaintiff opposed and cross-moved for summary judgment. Supreme Court (Auffredou, J.) granted defendant's motion, denied plaintiff's cross-motion and dismissed the complaint. Plaintiff appeals.
Although this appeal involves a summary judgment motion, the pertinent facts are not in dispute and, as such, this case presents a question of law (see Mills v Chauvin, 103 AD3d 1041, 1045 [3d Dept 2013]). As relevant here, a title insurance policy operates to protect against encumbrances or defects that cloud title in real property and cause loss to the insured party's interest in such property (see Insurance Law §§ 1113 [a] [18]; 6401 [b]; L. Smirlock Realty Corp. v Title Guar. Co., 52 NY2d 179, 187-188 [1981]; Aubuchon Realty Co. v Fidelity Natl. Tit. Ins. Co. of N.Y., 295 AD2d 725, 727 [3d Dept 2002]).[FN2] A mortgage conveys "an interest in real [*2]property as security for performance of an obligation" (Black's Law Dictionary [12th ed 2024], mortgage; accord Cancilla v O'Rourke, 232 AD3d 1175, 1177 [3d Dept 2024]), and a mortgage lien is a valid interest insurable by title insurance (see Mayers v Van Schaick, 268 NY 320, 323 [1935]; see e.g. Zelber v Lewoc, 6 AD3d 1043, 1045 [3d Dept 2004]). As with other contracts, the conveyance of a mortgage must be supported by valid consideration (see Kommel v Herb-Gner Constr. Co., 256 NY 333, 337 [1931]; Wells Fargo Bank, N.A. v Rottner, 128 AD3d 1199, 1201 [3d Dept 2015]; see also Apfel v Prudential-Bache Sec., 81 NY2d 470, 476 [1993]; Restatement [Second] of Contracts § 71).[FN3] Where a party has not tendered valid consideration in exchange for a mortgage lien, a mortgage has not been formed, and that party has not acquired an interest in the property (see Kommel v Herb-Gner Constr. Co., 256 NY at 337).
Here, it is uncontroverted that there was no obligation or debt underlying the Adirondack mortgage and, consequently, said mortgage lacked consideration (see Tornatore v Bruno, 12 AD3d 1115, 1117 [4th Dept 2004]; Adirondack Bank v Simmons, 210 AD2d 651, 653 [3d Dept 1994]). Under the circumstances presented herein, this fact is dispositive. Adirondack failed to tender valid consideration, thus a valid mortgage never formed, and Adirondack never obtained a mortgage lien over the subject property. As Adirondack possessed no insurable interest in the property at the time, it could not have validly obtained title insurance from defendant (see Fidelity Natl. Tit. Ins. Co. of N.Y. v Consumer Home Mtge., 272 AD2d 512, 514 [2d Dept 2000]; Sher v Luxury Mortg. Corp., 2012 WL 5869303, *8, 2012 US Dist LEXIS 165039, *25-26 [D Md 2012]; Fidelity Nat. Title Ins. Co. v Cole Taylor Bank, 878 F Supp 2d 453, 458 [SD NY 2012]; Pacific Am. Constr. v Security Union Title, 1999 UT 87, ___, 987 P2d 45, 47 [Utah 1999]; Gerrold v Penn Title Ins. Co., 271 NJ Super 50, 54, 637 A2d 1293, 1295-1296 [NJ App Div 1994]).
Adirondack's subsequent assignment of the purported mortgage to plaintiff is of no consequence. As Adirondack's assignee, plaintiff is subject to any defenses that would have prevailed against Adirondack, including the lack of consideration necessary for the formation of a mortgage and the absence of any interest to which a title insurance policy could have attached (see Hammelburger v Foursome Inn Corp., 54 NY2d 580, 586 [1981]; Kommel v Herb-Gner Constr. Co., 256 NY at 337; Fidelity Natl. Tit. Ins. Co. of N.Y. v Consumer Home Mtge., 272 AD2d at 514). Therefore, Supreme Court properly granted summary judgment in favor of defendant and dismissed the complaint. Plaintiff's remaining contentions, to the extent not expressly addressed herein, have been examined and found to lack merit.
Reynolds Fitzgerald, Ceresia, McShan and Powers, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: Supreme Court also noted that the record made clear that Adirondack had not given consideration in exchange for its mortgage.

Footnote 2: A title insurance policy protects against defects in title to the land, not the land itself or the debt underlying an interest in the property (see Insurance Law §§ 1113 [a] [18]; 6401 [b]; L. Smirlock Realty Corp. v Title Guar. Co., 52 NY2d at 187-188; see also Bank of Miami Beach v Fidelity & Cas. Co. of N.Y., 239 So 2d 97, 99 [Fla 1970]).

Footnote 3: Generally, a mortgage is supported by valid consideration where it is given to secure an underlying obligation or debt (see e.g. O'Brien v Fleckenstein, 180 NY 350, 353 [1905]; Kawai Am. Corp. v Hilton, 205 AD2d 1021, 1022 [3d Dept 1994], lv dismissed 87 NY2d 968 [1996]; Blueberry Invs. Co. v Ilana Realty, 184 AD2d 906, 908 [3d Dept 1992]; see also Sherwood v Brock, 65 AD3d 738, 739 [3d Dept 2009]).