In an action, inter alia, to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Cutrona, J.), dated December 8, 2011, which granted the motion of the defendant Washington Mutual Bank, FA, for leave to reargue its cross motion, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against it, and, upon reargument, in effect, vacated a prior order of the same court dated July 6, 2009, denying the cross motion, and thereupon granted the cross motion.
Ordered that the order dated December 8, 2011, is affirmed, with costs.
In December 2002, the plaintiff allegedly sold certain real property to the defendant 162 Pulaski, LLC (hereinafter Pulaski), for $350,000. A portion of the purchase price, in the amount of $195,000, was financed by a purchase money *768 mortgage that Pulaski executed in favor of the plaintiff, which was never recorded. In January 2003, Pulaski defaulted on the purchase money mortgage. Thereafter, the plaintiff commenced this action against several defendants, seeking to foreclose on his purchase money mortgage and to recover damages, inter alia, for fraud. The defendant Washington Mutual Bank, FA (hereinafter Washington Mutual), cross-moved to dismiss the amended complaint insofar as asserted against it for failure to state a cause of action. In support, Washington Mutual submitted evidence establishing that the subject property was later mortgaged to the defendant Astoria Federal Savings & Loan Association (hereinafter Astoria), and that the mortgage was recorded on July 13, 2004. Astoria subsequently assigned the mortgage to Washington Mutual, and that mortgage assignment was recorded on June 23, 2005. Washington Mutual argued that the amended complaint failed to sufficiently allege that (1) the plaintiffs purchase money mortgage had priority over Washington Mutual’s mortgage, (2) Washington Mutual or Astoria had notice of the plaintiff’s purchase money mortgage, and (3) Washington Mutual or Astoria made any representation to the plaintiff. In an order dated July 6, 2009, the Supreme Court, inter alia, denied Washington Mutual’s cross motion to dismiss the amended complaint insofar as asserted against it. Thereafter, Washington Mutual moved for leave to reargue that cross motion. In the order appealed from, the Supreme Court granted Washington Mutual’s motion for leave to reargue and, upon re-argument, in effect, vacated the order dated July 6, 2009, and thereupon granted Washington Mutual’s cross motion.
The Supreme Court providently exercised its discretion in granting reargument (see CPLR 2221 [d] [2]; Meadowbrook Farms Homeowners Assn., Inc. v JZG Resources, Inc., 105 AD3d 820, 821 [2013]).
Upon reargument, the Supreme Court properly granted Washington Mutual’s cross motion. “On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Minovici v Belkin BV, 109 AD3d 520, 521 [2013]; see Leon v Martinez, 84 NY2d 83, 87-88 [1994]).
Here, the plaintiff failed to sufficiently allege any set of facts under which his purchase money mortgage would have priority over Washington Mutual’s mortgage. Pursuant to “New York’s Recording Act (Real Property Law § 291), a mortgage loses its *769 priority to a subsequent mortgage where the subsequent mortgagee is a good-faith lender for value, and records its mortgage first without actual or constructive knowledge of the prior mortgage” (Washington Mut. Bank, FA v Peak Health Club, Inc., 48 AD3d 793, 797 [2008]). Further, the plaintiffs purchase money mortgage “is as much subject to the Recording Act as any other” (Ebling Brewing Co. v Gennaro, 189 App Div 782, 786 [1919]; see Merritt v Dansmith Corp., 240 App Div 338, 339 [1934]).
The amended complaint failed to allege that Astoria or Washington Mutual had constructive or actual notice of the plaintiffs purchase money mortgage, that either made any representation to the plaintiff, or otherwise acted in bad faith. Thus, the plaintiff may only establish that the purchase money mortgage had priority over Washington Mutual’s mortgage on the basis that it was recorded first. However, the amended complaint averred that the purchase money mortgage was not recorded, and further stated that “Astoria Federal [and/or] Washington Mutual . . . holds a first Mortgage to the property.” Accordingly, the amended complaint failed to allege any cognizable cause of action against Washington Mutual. Therefore, upon reargument, the Supreme Court properly granted Washington Mutual’s cross motion to dismiss the amended complaint insofar as asserted against it. Rivera, J.E, Balkin, Hall and Sgroi, JJ., concur.
Motion by the respondent on an appeal from an order of the Supreme Court, Kings County, dated December 8, 2011, for the Court to take judicial notice of an order of the same court dated November 30, 2012. By decision and order on motion of this Court dated May 8, 2013, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is
Ordered that the motion is denied as academic in light of the determination of the appeal from the order dated December 8, 2011.
Rivera, J.E, Balkin, Hall and Sgroi, JJ., concur.