Holmes v Parkinson (2020 NY Slip Op 05188)





Holmes v Parkinson


2020 NY Slip Op 05188


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2019-00547
 (Index No. 2159/16)

[*1]Alan Holmes, appellant, 
v
Horace Parkinson, et al., respondents.


Law Office of Joshua Brian Irwin, P.C. (Mitchell Dranow, Sea Cliff, NY [Brian J. Isaac], of counsel), for appellant.
Baker, McEvoy, Morrissey & Moskovits, P.C. (Robert D. Grace, Brooklyn, NY, of counsel), for respondents Aristobulo Garzon and Teresa Limo, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated November 7, 2018. The order granted the motion of the defendants Aristobulo Garzon and Teresa Limo, Inc., and the separate motion of the defendants Horace Parkinson and Nakeisha Russell, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident on May 30, 2014. The defendants Aristobulo Garzon and Teresa Limo, Inc., moved, and the defendants Horace Parkinson and Nakeisha Russell separately moved, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated November 7, 2018, the Supreme Court granted the motions. The plaintiff appeals.
On appeal, the plaintiff does not raise any arguments relating to the Supreme Court's
determination that the defendants met their prima facie burden of showing that he did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957; see also Sylvain v Maurer, 165 AD3d 1203, 1204; DiLernia v Khan, 62 AD3d 644, 645).
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's experts failed to address the findings of the defendants' radiologist that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine were degenerative in nature. Thus, their conclusions were insufficient to raise a triable issue of fact (see Zavala v Zizzo, 172 AD3d 793, 794; Cavitolo v Broser, 163 AD3d 913, 914).
Accordingly, we agree with the Supreme Court's determination granting the defendants' separate motions for summary judgment dismissing the complaint.
AUSTIN, J.P., MILLER, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court