Scully v Stephens (2023 NY Slip Op 01315)

Scully v Stephens

2023 NY Slip Op 01315

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2020-08112
 (Index No. 35239/17)

[*1]William Scully, appellant,
v
Mark J. Stephens, et al., respondents.

Dupee & Monroe, P.C., Goshen, NY (Jon C. Dupee, Jr., of counsel), for appellant.
Vincent J. Aceste, White Plans, NY (Stephen Weinberg of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated October 9, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained when he was struck by a motor vehicle owned by the defendant Laura Casper and operated by the defendant Mark J. Stephens. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated October 9, 2020, the Supreme Court granted the motion. The plaintiff appeals.
After the accident, the plaintiff was transported to Good Samaritan Hospital (hereinafter the hospital), where various diagnostic procedures, including a CT scan, were performed. The hospital records from that visit include a radiology report in which a radiologist, Arlette Shvartzman, noted that "[t]here are fracture of the left transverse process of L2 axial image 74; fracture of the transverse process of L3 axial image 80." The hospital records also include a notation by Charles A. Fleischner stating that the CT scan, "as interpreted by me[,] demonstrates L2 L3 spinous process fracture. My findings were corroborated by the radiologist's interpretation." A fracture of the transverse process of the vertebrae constitutes a serious injury within the meaning of Insurance Law § 5102(d) (see Bonner v Hill, 302 AD2d 544, 545).
In support of their motion for summary judgment, the defendants submitted, inter alia, a report authored by John T. Rigney, a board certified radiologist, who reviewed, among other things, the images produced by the CT scan performed at the hospital on the day of the subject accident and concluded that, notwithstanding the findings of the "initial interpreting radiologist," the plaintiff had not sustained fractures of the left L2 and L3 transverse process. The defendants also submitted reports by two other medical experts, which were consistent with Rigney's report. In opposition to [*2]the defendants' motion, the plaintiff submitted the certified hospital records, which included the radiology report by Shvartzman and the notation by Fleischner.
Contrary to the defendants' contention, the plaintiff's submissions did not fail to address the findings of the defendants' medical experts (see e.g. Holmes v Parkinson, 186 AD3d 1619). Under the circumstances of this case, the relevant finding made by the defendants' experts was that the CT scan did not reveal a fracture of the plaintiff's spine, and the materials submitted by the plaintiff in opposition to the motion contained findings by physicians that the CT scan did reveal a fracture of the plaintiff's spine. The conflicting medical opinions expressed in the parties' submissions present a triable issue of fact that cannot be resolved on a summary judgment motion (see Wilcoxen v Palladino, 122 AD3d 727, 728; Gaviria v Alvardo, 65 AD3d 567, 568-569; Cariddi v Hassan, 45 AD3d 516, 517).
Accordingly, since there is a triable issue of fact as to whether, as a result of the subject accident, the plaintiff sustained a serious injury in the form of a spinal fracture, the defendants' motion for summary judgment dismissing the complaint should have been denied.
DILLON, J.P., CHRISTOPHER, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court