Dinardo v Yeshiva Kehilath Yakov, Inc. (2023 NY Slip Op 03679)

Dinardo v Yeshiva Kehilath Yakov, Inc.

2023 NY Slip Op 03679

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2019-13993
 (Index No. 2408/15)

[*1]Rocco Dinardo, appellant, 
v
Yeshiva Kehilath Yakov, Inc., et al., respondents.

Sacco & Fillas, LLP, Astoria, NY (Albert R. Matuza, Jr., of counsel), for appellant.
Catalano Gallardo & Petropoulos, LLP, Jericho, NY (June D. Reiter and Renton D. Parsaud of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated October 25, 2019. The order granted the defendants' motion for leave to reargue their prior motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, which had been denied in an order of the same court dated July 18, 2019, and, upon reargument, in effect, vacated the order dated July 18, 2019, and thereupon, granted the prior motion.
ORDERED that the order dated October 25, 2019, is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident that occurred on December 17, 2014. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. By order dated July 18, 2019, the Supreme Court denied the motion.
Thereafter, the defendants moved for leave to reargue their motion for summary judgment dismissing the complaint. By order dated October 25, 2019, the Supreme Court granted the defendants leave to reargue, and, upon reargument, in effect, vacated the order dated July 18, 2019, and thereupon, granted the defendants' motion for summary judgment dismissing the complaint. The plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in granting reargument of the defendants' motion for summary judgment dismissing the complaint (see CPLR 2221[d]; Coke-Holmes v Holsey Holdings, LLC, 189 AD3d 1162, 1164; Carrion v 162 Pulaski, LLC, 117 AD3d 767, 768).
Further, upon reargument, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; [*2]Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the plaintiff's alleged injuries were not caused by the subject accident (see Cavitolo v Broser, 163 AD3d 913, 914; Anderson v Foley, 162 AD3d 965, 966; see also Pommells v Perez, 4 NY3d 566, 580).
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's experts failed to address the findings of the defendants' experts that alleged injuries to the cervical and lumbar regions of the plaintiff's spine, his left shoulder, his right wrist, and his right knee were all degenerative in nature (see Amirova v JND Trans, Inc., 206 AD3d 601, 602; Holmes v Parkinson, 186 AD3d 1619, 1619; Sylvain v Maurer, 165 AD3d 1203, 1204; Cavitolo v Broser, 163 AD3d at 914). With respect to an alleged hernia, the Supreme Court correctly determined that the plaintiff's evidence on this issue was ambiguous and failed to address findings by one of the defendants' experts that the pre-existing hernia, which was identified at least three years prior to the subject accident, was not causally related to the subject accident.
MILLER, J.P., CHRISTOPHER, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court