Newby v Morales (2023 NY Slip Op 04934)

Newby v Morales

2023 NY Slip Op 04934

Decided on October 03, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2023

Before: Kern, J.P., Moulton, Mendez, Higgitt, O'Neill Levy, JJ. 

Index No. 25491/20E Appeal No. 675 Case No. 2023-00003 

[*1]Carlan Newby, Plaintiff-Appellant,
v
Omar J. Morales, Defendant-Respondent.

Richard A. Bernsley, P.C., Pine Bush (Richard A. Bernsley of counsel), for appellant.
Marjorie E. Bornes, Brooklyn, for respondent.

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered December 20, 2022, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on his claim that he sustained a serious injury to his right wrist within the meaning of Insurance Law § 5102, and granted defendant's motion for summary judgment to the extent of dismissing plaintiff's 90/180-day claim, unanimously affirmed, without costs.
A plaintiff moving for summary judgment on a claim that he or she sustained a serious injury involving "permanent consequential" or "significant" limitations in use of a body part, must provide (1) objective medical proof of an injury; (2) medical findings of limitations resulting from that injury, shown by quantitative or qualitative evidence, and (3) a causal connection between the injuries and the accident (Toure v Avis Rent A Car Sys, Inc., 98 NY2d 345, 350-353, 358 [2002]; see also Perl v Meher, 18 NY3d 208, 217 [2011]; Degachi v Faridi, 215 AD3d 733, 733-734 [2d Dept 2023]).
Plaintiff met his prima facie burden of showing that he sustained a serious injury to his right wrist by submitting admissible medical evidence, including a radiologist's report and his doctor's findings that he sustained limitations in range of motion and that his injuries were causally related to the accident (see Diaz v Vivar-Martinez, 192 AD3d 578, 578 [1st Dept 2021]; Coley v DeLarosa, 105 AD3d 527, 527-528[1st Dept 2013]). Plaintiff's radiologist noted a tear with associated joint effusion in an MRI of plaintiff's right wrist and concluded that these findings were consistent with blunt trauma due to the motor vehicle accident (see Diaz, 192 AD3d at 579).
In opposition, defendant raised a triable issue of fact through the affirmed report of his radiologist, which found that the MRI of plaintiff's right wrist was unremarkable, showing no evidence of any posttraumatic abnormality or condition causally related to the accident (see Cabrera v Apple Provisions, Inc., 151 AD3d 594, 595 [1st Dept 2017]; Diaz v Almodovar, 147 AD3d 654, 654-655 [1st Dept 2017]). Although defendant's orthopedist failed to examine plaintiff's right wrist to show a lack of physical limitations, the conflicting reports of the parties' radiologists present a triable issue of fact as to whether there is objective medical proof of any wrist injury, as required to establish a serious injury (see Toure, 98 NY2d at 352-353 [2002]; see Scully v Stephens, 214 AD3d 834, 835 [2d Dept 2023]).
As for plaintiff's 90/180-day claim, defendant met his prima facie burden by submitting plaintiff's testimony stating that he was absent from school for only three weeks after the accident and for another two weeks after his right shoulder surgery (see Pakeman v Karekezia, 98 AD3d 840, 841 [1st Dept 2012]). Furthermore, plaintiff's bill of particulars alleged that he was unable to attend classes only periodically (see Hospedales v "John Doe," 79 AD3d 536, 537 [1st Dept 2010[*2]]). Plaintiff's submissions in opposition fail to show that he was curtailed from performing his usual activities to a great extent, rather than being affected only by some slight curtailment (see Chawdhury v 3511 Sys. Inc., 193 AD3d 541, 542 [1st Dept 2021]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2023