| |
|---|
| **Samiev v Academy Transp. Inc.** |
| 2025 NY Slip Op 31072(U) |
| April 2, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 508380/2024 |
| Judge: Anne J. Swern |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Trial Term, Part 75 of the
Supreme Court of the State of New York,
Kings County, at the Courthouse located at
360 Adams Street, Brooklyn, New York on
the 2nd day of April 2025.

P R E S E N T: HON. ANNE J. SWERN, J.S.C.

MEKHROJ DILSHODOVICH SAMIEV,

        *Plaintiff,*

    -against-

ACADEMY TRANSPORTATION INC.,
JOHN DOE, and ARTEM USHAKOV

        *Defendants.*

**DECISION & ORDER**

Index No.:    508380/2024

Calendar No.:  38

Motion Seq.:  002

*Recitation of the following papers as required by CPLR 2219(a):*

                                                  **Papers
Numbered**

Notice of Motion, Affirmation, Affidavits
and Exhibits (NYSCEF 34-48) ................................................................1, 2
Academy's Affirmation and Exhibits in Opposition (NYSCEF 54-55) ................3
Ushakov's Affirmation in Partial Opposition (NYSCEF 56) ................................4
Reply Affirmation and Exhibits (NYSCEF 59-62) ................................................5

Order to Show Cause, Affirmation, Affidavits and Exhibits (NYSCEF ) ..............
Affirmation and Exhibits in Opposition (NYSCEF ) ............................................
Reply Affirmation and Exhibits (NYSCEF ) ......................................................

Notice of Cross-Motion, Affirmation, Affidavits and Exhibits (NYSCEF ) ..........
Affirmation and Exhibits in Opposition (NYSCEF ) ............................................
Reply Affirmation and Exhibits (NYSCEF ) ......................................................

*Upon the foregoing papers and after oral argument, the decision and order of the Court*

*is as follows:*

    Plaintiff's motion for an order pursuant to CPLR § 2221 [a] granting re-argument of this

Court's prior order dated 9/12/2024 denying plaintiff's motion for summary judgment against

ACADEMY TRANSPORTATION INC., and upon re-argument, vacating the order and granting

summary judgment against ACADEMY TRANSPORTATION INC. (Academy), is granted (*Dinardo v Yeshiva Kehilath Yakov, Inc.*, 218 AD3d 438, 439 [2d Dept 2023]).

Plaintiff previously moved this Court for summary judgment on liability against Academy and for a dismissal of both defendants' affirmative defenses of culpable conduct and comparative negligence (NYSCEF 39). Defendant ARTEM USHAKOV (Ushakov) served an affirmation in support of plaintiff's motion requesting that this Court find, as a matter of law, Academy was 100% at fault for the happening of this accident and award summary judgment dismissing the complaint and all cross claims against Ushakov's pursuant to CPLR § 3212 [b][1] (without a cross-motion). The 9/12/2024 order granted plaintiff's motion dismissing the affirmative defenses since plaintiff was a passenger in Ushakov's vehicle but denied as premature 1) plaintiff's motion on the issues of Academy's negligence and 2) Ushakov's request to find Academy 100% at fault for the happening of this accident (NYSCEF 43).

Upon re-argument, the Court adheres to its prior decision dismissing Academy's second affirmative defense of comparative negligence and culpable conduct (NYSCEF 7). However, upon reconsideration, the Court exercises its discretion and grants plaintiff's motion for summary judgment against Academy. The Court also grants Ushakov's request for summary judgment pursuant to CPLR § 3212 [b] dismissing the complaint and all cross claims against him. (*Dinardo v Yeshiva Kehilath Yakov, Inc.*, 218 AD3d 439). Plaintiff and Ushakov met their respective burdens of proof based on plaintiff's admissible evidence that Academy was 100% at fault for the happening of this accident (*id.*).

---

[1] CPLR 3212 [b] **Supporting proof; grounds; relief to either party**. A motion for summary judgment shall be supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions and written admissions…If it shall appear that any party other than the moving party is entitled to a summary judgment, the court may grant such judgment *without the necessity of a cross-motion*. (italics added).

In opposition, Academy failed to come forward with an affidavit from its driver or an affidavit from an investigator that despite their diligent efforts, the driver of the Academy bus could not be located to oppose the motion at this time. Merely asserting that the motion is premature, without more, is insufficient to defeat summary judgment. (*Perez v H&M Limo Inc.*, 2020 N.Y. Misc. LEXIS 34021 *4 [Bronx Cty., Barbato, J.]). Based on the video, Academy failed to demonstrate how discovery could lead to relevant evidence exclusively within its driver's knowledge and control to postpone a determination of summary judgment (*Morissaint v Raemar Corp.*, 271 AD2d 586, 587 [2d Dept 2000]).

Accordingly, it is hereby

ORDERED that plaintiff's motion for re-argument of the Court order dated 9/12/2024 is granted, and it is further

ORDERED that upon re-argument, plaintiff's motion for summary judgment dismissing ACADEMY TRANSPORTATION, INC.'s Second Affirmative Defense is GRANTED, and it is further

ORDERED that upon re-argument, defendant USHAKOV's request for summary judgment pursuant to CPLR § 3212 [b] in the underlying motion is GRANTED and this action and all cross claims is dismissed as against USHAKOV, and it is further

ORDERED that upon re-argument, plaintiff's motion for summary judgment on the issue of liability against ACADEMY TRANSPORTATION, INC. is GRANTED, and this action shall proceed to trial on the issue of damages only.

This constitutes the decision and order of the Court.

ENTER:

Hon. Anne J. Swern, J.S.C.
Dated: 4/2/2025

For Clerks use only:

MG _____

MD _____

Motion seq. # _____